### UNITED STATES v. CALDWELL.
### No. 2682.

District Court, M. D. Tennessee, Nashville Division.
Aug. 5, 1947.

A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., and Courtnay C. Hamilton, Sp. Atty., Department of Justice, of Washington, D. C., for plaintiff.

W. M. Fuqua, of Nashville, Tenn., for defendant.

DAVIES, District Judge.

### Findings of Fact.

1. That the petitioner James E. Caldwell & Company is a corporation existing under the laws of Tennessee since 1931, with its principal office in Nashville. It is a closed corporation. All of its capital stock is held in trust for the benefit of the children and grand children of James E. Caldwell and wife May Winston Caldwell, the defendant Rogers Caldwell being the beneficial owner of one thousand shares of

said stock denominated Class "A" stock, and one thousand shares of said stock denominated Class "B" stock. Both of these stocks have voting rights in the conduct of the company's affairs. Some 10,220 shares of the capital stock of said corporation, of the 22,270 shares outstanding, are held by him, as Trustee, for his sister and various of his brothers and nephews and nieces.

2. That the defendant Rogers Caldwell became indebted to James E. Caldwell & Company for loans of money made to him from time to time at the direction of his father James E. Caldwell, while the latter was the president of the corporation, in the total amount of $28,000, for which sum he executed his promissory note to the company under date of May 10, 1938. Said note was unsecured, and nothing has been paid on the indebtedness, nor has any demand ever been made on the defendant for the payment of any part thereof. The note, however, has since been twice renewed.

3. That on July 2, 1932, the Commissioner of Internal Revenue duly and legally assessed against the defendant Rogers Caldwell income taxes for the calendar year 1930 in the amount of $203,171.37, together with interest thereon in the amount of $15,805.62. The assessment list of said taxes and interest was received by the Collector of Internal Revenue for the District of Tennessee on July 7, 1932, and on that same date demand was duly made on the said Rogers Caldwell for the payment of said tax and interest. Thereafter and on August 8, 1932, the Collector of Internal Revenue filed with the Clerk of this Court, and with the Register of Deeds of Davidson County, Tennessee, on Treasury Department's Form 668, as required by law, a notice of tax lien under the internal revenue laws in the amount $218,976.99 upon all property and rights to property belonging to the said Rogers Caldwell. No part of said assessment, taxes or interest, has been paid.

4. That on June 29, 1938, this cause was commenced in this court to reduce to judgment the aforesaid assessment, together with the accrued interest thereon; and on October 26, 1939, this Court rendered judgment in this cause in favor of the United States and against Rogers Caldwell in the amount of $314,877.96. No part of the judgment has been paid and the full amount thereof, together with the interest thereon, is wholly due and unpaid.

5. During the calendar year 1945 the defendant Rogers Caldwell produced a crop of burley tobacco on what is known as the Brentwood Hall property in Davidson County, Tennessee. This tobacco was by him transported to Bowling Green, Kentucky, and delivered in bulk to one C. D. Watson, a public warehouseman to be redried, prized and stored. A part of the tobacco was delivered shortly before March 1, 1946. For the tobacco thus delivered, the said C. D. Watson, under date of March 1, 1946, issued and delivered to the defendant Rogers Caldwell twenty-two original negotiable warehouse receipts for 22 hogsheads, containing 20,306 pounds; and under date of April 25, 1946, said C. D. Watson issued and delivered to the defendant Rogers Caldwell eleven additional negotiable warehouse receipts for 11 hogsheads, containing 10,786 pounds.

6. At the time of the issuance of said warehouse receipts and the levy of the execution issued in this cause, the Uniform Law of Warehouse Receipts and Warehousing was in effect both in the State of Tennessee and in the Commonwealth of Kentucky, KRS 358.010 et seq., the Tennessee law on the subject being contained in Sections 7532–7595, both inclusive, of the 1932 Code of Tennessee.

7. That on or about May 4, 1946, the defendant Rogers Caldwell executed his promissory note to the petitioner James E. Caldwell & Company in the amount of $28,000, as a renewal of his note in like amount dated May 2, 1944, the latter note being a renewal of the original note of May 10, 1938, for the $28,000 indebtedness owing by him to James E. Caldwell & Company; and to secure the payment of the note of May 4, 1946, he pledged with James E. Caldwell & Company the aforesaid 33 negotiable warehouse receipts for said tobacco, by endorsing the same in blank and attaching them to the said note of May 4, 1946.

8. That on May 10, 1946, an execution was duly issued on the aforesaid judgment and delivered to the United States Marshal for the Western District of Kentucky, who

on that same day levied said execution on 33 hogsheads of tobacco, containing approximately 31,092 pounds, as the property of Rogers Caldwell.

9. That the tobacco levied on in this cause and represented by the 33 warehouse receipts was and is the property of Rogers Caldwell.

10. That at the time the warehouse receipts in question were pledged to James E. Caldwell & Company, and throughout the calendar year 1946, the defendant Rogers Caldwell was the president of said corporation and a member of its board of directors.

11. That at the time the warehouse receipts in question were pledged to James E. Caldwell & Company, and ever since August 8, 1932, the defendant Rogers Caldwell had personal knowledge of the filing of the Government's notice of tax lien under the internal revenue laws.

12. That the pledge of said warehouse receipts to James E. Caldwell & Company was made and done at the instance of the defendant Rogers Caldwell.

13. That at the time the warehouse receipts in question were pledged to James E. Caldwell & Company, and prior thereto, the defendant Rogers Caldwell was insolvent, and he so remains.

14. That the defendant Rogers Caldwell, by pledging the warehouse receipts in question with James E. Caldwell & Company to secure a pre-existing debt, tranferred while insolvent that portion of his property with intent to prefer said James E. Caldwell & Company over his other creditors, and thereby committed an act of bankruptcy within the provisions and meaning of Section 3466 of the Revised Statutes of the United States. Sec. 191, Title 31 U.S.C.A.

15. The charges made by the warehouseman C. D. Watson for redrying, sampling and storing said tobacco amount to $423.97.

Conclusions of Law.

1. By the assessment, which was duly and legally made by the Commissioner on July 2, 1932, the defendant Rogers Caldwell became liable to pay to the United States an income tax in the amount of $203,171.37, and the interest thereon in the amount of $15,805.62, totaling in all the sum of $218,976.99, and, having neglected or refused to pay the same after demand, the said amount of $218,976.99, by virtue of Section 3670, Title 26 U.S.C.A.Int.Rev. Code, became a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the said Rogers Caldwell. Such lien included also any interest, penalty, additional amount, or addition to such tax, together with any costs that might accrue in addition thereto. And such amount was a lien not only upon all the property and rights to property belonging to the said Rogers Caldwell at the time the assessment list was received by the Collector, but also was and is a lien upon all property and rights to property thereafter acquired by him.

2. Another date not being specifically fixed by law, the aforesaid lien, by virtue of Section 3671, Title 26 U.S.C.A. Int.Rev.Code, arose at the time the assessment list was received by the Collector of Internal Revenue for the District of Tennessee. Since the liability for the amount of said assessment has not been satisfied, and since the United States commenced in this court in this cause a suit and obtained a judgment for said tax and interest so assessed within the period of the six year statute of limitations, the liability for the tax and interest has not become unenforceable by reason of lapse of time. Hence, the United States has a lien on the tobacco levied on in this cause and the 33 warehouse receipts representing said tobacco. The lien on the tobacco was in full force and virtue at the time of the delivery thereof to the warehouseman, and the lien on the warehouse receipts attached when they were issued and delivered to Rogers Caldwell and was in full force and virtue at the time of their pledge to the petitioner James E. Caldwell & Company. At the time of the pledge of said warehouse receipts, James E. Caldwell & Company, through its president Rogers Caldwell, at whose instance the pledge was made, had knowledge of the existence of the lien on said warehouse receipts. Said warehouse receipts, therefore, came to James E. Caldwell & Company burdened with the lien of the United States in the amount of the judg-

ment in this cause against Rogers Caldwell, together with interest thereon, and the costs accrued. A like amount is also a lien on said tobacco, and both the lien on the warehouse receipts and on the tobacco are superior to any lien or right or interest therein or thereto of the petitioner James E. Caldwell & Company. The United States, therefore, has a right to the possession of the tobacco and of the warehouse receipts, and has the right in this proceeding to have the same sold and the proceeds thereof applied on the judgment in its favor in this cause.

3. The levy on the tobacco by the United States Marshal for the Western District of Kentucky under the execution issued on the judgment in this cause was good and valid, even though the Uniform Warehousing Law which was in effect in both the states of Tennessee and Kentucky provides that: "If goods are delivered to a warehouseman by the owner * * * and a negotiable receipt is issued for them, they cannot thereafter, while in possession of the warehouseman, * * * be levied upon under an execution unless the receipt be first surrendered to the warehouseman or its negotiation enjoined." Code Tenn. 1932, § 7556; KRS § 358.250. This is true, because a State cannot pass a statute which would defeat the United States in the collection of its debt for taxes against property upon which it has a lien for such taxes. The quoted statute, therefore, was of no force and effect against the United States so far as concerns its right to assert its lien and levy upon the tobacco. However that may be, any question on the validity of the levy of the execution by reason of the operation of the quoted statute has become moot. The court has jurisdiction both of the subject matter and of all the parties claiming an interest in the tobacco and the warehouse receipts. The warehouseman is making no claim in this case, except for his warehouse charges, and that claim is being made only in his testimony as a witness at the trial. His rights are not beyond the protection of this Court in this proceeding, because the warehouse receipts are in the hands of James E. Caldwell & Company and are subject to the orders of this Court. The case made by the pleadings and the proof is, therefore, merely a contest between two creditors claiming the same property or fund.

4. Since the defendant Rogers Caldwell committed an act of bankruptcy within the provisions and meaning of Section 3466 of the Revised Statutes of the United States by pledging, while insolvent, the warehouse receipts in question with James E. Caldwell & Company to secure a pre-existing debt with intent to prefer said Company over his other creditors, both the tobacco and the warehouse receipts therefor constitute property or funds out of which the debt of the United States against the said Rogers Caldwell shall be first satisfied. Not only was the insolvency of the defendant Rogers Caldwell amply established otherwise by the proof, but such insolvency also was manifested by the act of bankruptcy committed by him.

5. The warehouseman, C. D. Watson, is entitled to be paid $423.97, the amount of his warehousing charges for redrying, sampling and storing said tobacco.

6. The plaintiff United States is entitled to have a decree for the sale of the tobacco under execution and the proceeds of the sale, after the payment of the warehouse charges and the costs and expenses incident to the levy and sale, applied on its judgment against the said Rogers Caldwell in this cause.

7. The plaintiff United States is entitled to have the warehouse receipts delivered into the hands of the Clerk of this Court for delivery to the United States Marshal for the Western District of Kentucky, for delivery by him to the purchaser or purchasers at the sale of the tobacco.

Judgment accordingly.