## In re BROKOL MFG. CO.

No. 566.

United States District Court
D. New Jersey.

Jan. 16, 1953.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., for Collector of Internal Revenue.

Bergman & Rothbard, Newark, N. J., for trustee.

MODARELLI, District Judge.

This matter came to be heard on Petition for Review filed pursuant to Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. The petition was filed by the United States of America from an order of the referee dated April 17, 1952, directing "That the Collector of Internal Revenue * * * turn over to the receiver in bankruptcy all surplus funds in his hands realized out of the sale of the assets and through the collection of accounts receivable (after first satisfying the total amount of the warrants issued by the said Collector upon which a seizure was effected, in the sum of $5,742.25 plus interest and costs and expenses entailed by the sale) and that such surplus funds be turned over to the said receiver in bankruptcy, to be administered by the said receiver under the Bankruptcy Act. * * *" The matter was submitted on briefs, by agreement.

The Brokol Manufacturing Company was adjudicated a bankrupt on December 18, 1951, on an involuntary petition filed December 12, 1951. The bankrupt is indebted to the United States Government for the total of $19,806.85 in taxes for the years 1944 to 1948, including income, social security, unemployment, and withholding taxes.

On the date prior to the filing of the petition in bankrupty, the United States Deputy Collector of Taxes seized all of the assets, consisting entirely of personal property, under warrants for distraint which totaled $5,742.25. On December 13, 1951, a receiver was appointed; the court order restrained all persons, including the collector, from interfering with the assets of the corporation. This restraint was modified by stipulation filed March 27, 1952, permitting the collector to sell the assets of Brokol, retaining the sum of $5,742.25, the amount due under the warrants, and providing that the balance of the monies realized at the sale be held by the collector "to be accounted for by him in accordance with the applicable law, Treasury Regulations, and further order of this court."

The assets of Brokol were sold by the collector on April 14, 1952, netting a sum in excess of the $5,742.25 covered by the warrants for distraint, but less than the total amount owed the government by Brokol for back taxes. The question to be decided here is whether the collector has the right under the applicable laws and regulations to retain the surplus for the purpose of satisfying the taxes still due the government or whether it should be turned over to the trustee for administration under the Bankruptcy Act.

The trustee claims title to the surplus under Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110 and under Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a which provides for prior payment to wage claimants.

The affidavit on record of the Assistant Chief Field Deputy Collector of Internal Revenue discloses that although warrants for distraint were issued for only $5,742.25 of taxes due, the total assessments were $19,806.85, and tax liens had been filed in the Register's Office of Essex County covering all of the assessments. Certificates of

Assessments and Payments attached to the affidavit as exhibits 1 to 6 certify that such tax liens were recorded.

A brief review of the procedure of the Internal Revenue Bureau may be helpful. Upon examining the tax returns, the collector compiles assessment lists which are transmitted to the commissioner in Washington, D. C. The commissioner inspects and signs these lists, after which the amounts shown thereon to be due from the taxpayer are regarded as assessments. The assessment lists are then returned to the collector and a tax lien arises at the moment they are received by the collector and continue until the liability for such amounts are satisfied. Metropolitan Life Insurance Co. v. United States, 6 Cir., 1939, 107 F.2d 311, certiorari denied 310 U.S. 630, 60 S.Ct. 978, 84 L.Ed. 1400, and United States v. Caldwell, D.C.M.D.Tenn.1947, 74 F.Supp. 114, pursuant to Internal Revenue Code, Sections 3670 and 3671:

> "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Title 26 U.S.C. § 3670.

> "Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." Title 26 U.S.C. § 3671.

The Internal Revenue Code, Title 26 U.S.C. § 3672 requires that whenever the state in which the property is situated has by law authorized the filing of notice of such tax liens, the liens will be invalid against any mortgagee, pledgee, purchaser, or judgment creditor unless so filed.

The State of New Jersey does provide for such filing of federal tax liens. N.J. S.A. 46:16–13 provides that notices of federal tax liens "may be filed in the office of the county recording officer of the county * * * wherein the property * * *

is situate * * *." That section states further that "No federal tax shall be a valid lien * * * until the notice thereof shall be filed as provided by this section."

The collector has thus complied with the statutory requirements and the government possesses valid liens in the amounts specified in exhibits 1 to 6 attached to the affidavits filed January 15, 1952.

The fact that the Brokol Manufacturing Company has been adjudicated a bankrupt does not alter the validity or enforceability of the federal liens. See United States v. Heffron, 9 Cir., 1947, 158 F.2d 657, and cases cited therein.

The Supreme Court in Goggin v. Division of Labor Law Enforcement of California, 1948, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543, held that where the United States has a tax claim at the time of the filing of a petition in bankruptcy which is secured by a perfected statutory lien accompanied by physical possession of the property, the tax claim is entitled to priority over wage claims specified in Section 64, sub. a of the Act. The United States Government's tax claim is here secured by a perfected statutory lien. Possession of the property was effected on December 11, 1951, when the government levied on its warrants for distraint. The proceeds of the sale have since that time been in the possession of the government. The Goggin case, supra, answers adversely the contention of the trustee that under Section 64, sub. a of the Bankruptcy Act wage claims take priority over tax claims. I should like to observe that the collector could have issued warrants for distraint for all the federal taxes due and thus obviate the necessity for these proceedings.

The referee's order of April 17, 1952, will be vacated and the proceeds of the sale above the sum of $5,742.25 will be retained in the custody of the collector so that he may proceed to duly satisfy the existing tax liens of record.

An order may be submitted in conformity with the opinion herein expressed.