**In the Matter of BROKOL MANUFAC-TURING COMPANY, Bankrupt.**

**Appeal of Louis FREEMAN, Trustee in Bankruptcy.**

**No. 11403.**

United States Court of Appeals
. Third Circuit.

Argued Dec. 22, 1954.

Decided April 14, 1955.

As Amended May 18, 1955.

A. Robert Rothbard, Newark, N. J. (Bergman & Rothbard, Max L. Rosenstein, Newark, N. J., on the brief), for appellant.

James C. Pitney, Newark, N. J. (Raymond Del Tufo, Jr., U. S. Atty. Dist. of New Jersey, Newark, N. J., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and LORD, District Judge.

KALODNER, Circuit Judge.

The appellant is trustee in bankruptcy of Brokol Manufacturing Company ("Brokol") which was adjudicated a bankrupt in the United States District Court for the District of New Jersey on December 18, 1951, following an invountary petition in bankruptcy filed on December 12, 1951. At the time Brokol was indebted to the United States for tax arrearages totalling $19,806.85. On December 11th, a day before the petition in bankruptcy was presented, the Collector of Internal Revenue seized all of Brokol's assets under warrants of distraint for $5,742.25.

By stipulation the Collector was permitted to sell these assets, retaining $5,742.25 plus costs of the sale, the surplus to be administered in accordance with the order of the Bankruptcy Court. The stipulation expressly provides (paragraph 5) "Any of the rights which either of the parties * * * may have had at the time of the filing of the petition in bankruptcy * * * are preserved and are not waived in any manner * * * ".

The parties have joined issue on whether the amount over $5,742.25 plus costs should be retained by the government and applied by it against its tax claim, or be administered by the Bankruptcy Court. If the latter course is adopted the government's remaining claims for taxes would be postponed to the payment of wage claims and administrative expenses.[1]

The Referee entered an order on April 17, 1952, directing the Collector to turn over the surplus funds to the trustee to be administered under the Bankruptcy Act. The District Court reversed this determination, 109 F.Supp. 562, holding that Goggin v. Division of Labor Law Enforcement of California, 1948, 336 U. S. 118, 69 S.Ct. 469, 93 L.Ed. 543, was dispositive of the controversy and required that the government be given priority as to these funds. That part of the case which is relevant to our inquiry established that Section 67, sub. c

---

[1]. Section 67, sub. c of the Bankruptcy Act, as amended, 11 U.S.C.A. § 107, sub. c:

"Where not enforced by sale before the filing of a petition initiating a proceeding under this title, and except where the estate of the bankrupt is solvent: (1) though valid against the trustee under subdivision (b) of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or any subdivision thereof, on personal property not accompanied by possession of such property, and liens, whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title * * * ."

11 U.S.C.A. § 104, sub. a in clauses (1) and (2) relates to administrative expenses and certain wage claims.

requires the subordination of statutory liens to administrative and wage claims only where at the time of the filing of the petition the lienholder had not perfected its lien by possession of the bankrupt's assets. The lienholder involved was the Collector of Internal Revenue who had a perfected statutory lien accompanied by actual physical possession.[2] No question was there raised as to the procedure by which possession had been accomplished and if no such question were involved here the direction of our decision would be established by the Goggin case.

But the Referee's determination was not in conflict with this case for he gave the government priority as to the $5,742.25 for which warrants had been issued. On the contrary Goggin throws no light on the issue presented on this appeal. The only disagreement with which we are concerned relates to the significance to be attached to the fact that the government's seizure was made under warrants of distraint not for the full amount of the tax claim, but for only $5,742.25. There is unanimity by the parties on the government's right to retain the sum represented by the warrants which had been employed in the seizure.

The interest of the government in the disputed fund is predicated on a seizure made pursuant to Sections 3690–3697 of the Internal Revenue Code.[3] These sections require that a levy by a deputy collector be accompanied by warrants of distraint. The government explains its failure to employ warrants for the full amount claimed, by an administrative oversight: warrants for the total claim were issued but only a portion of them were delivered to the deputy collector who made the seizure. The trustee, on the other hand, contends that this "ad-ministrative oversight" resulted in giving the government legal possession of only $5,742.25 worth of the debtor's assets, that as to the remaining sum there had been no seizure and consequently that sum must be returned to be administered under the Bankruptcy Act.

■ We do not, however, reach this question as to whether the government's omission to follow strictly the statutory procedure is fatal, for we are of the opinion that a Court of Bankruptcy does not have jurisdiction to decide this question. The trustee's remedy, if any exists, lies in a plenary suit against the Collector.

■ Cline v. Kaplan, 1944, 323 U. S. 97, 65 S.Ct. 155, 89 L.Ed. 97, makes quite clear that a Bankruptcy Court has jurisdiction only of those assets in the actual or constructive possession of the bankrupt at the time the petition is filed; if property of the bankrupt is in the hands of an adverse claimant whose claim is "ingenuous or substantial", interests in that property cannot be determined by a court of bankruptcy without the consent of the adverse claimant. Said the Court, 323 U.S. at pages 98, 99, 65 S.Ct. at page 156:

"A bankruptcy court has the power to adjudicate summarily rights and claims to property which is in the actual or constructive possession of the court. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876. If the property is not in the court's possession and a third person asserts a *bona fide* claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated 'in suits of the ordinary character, with the rights and remedies inci-

2. See also United States v. Sands, 2 Cir., 1949, 174 F.2d 384.

3. 26 U.S.C. § 3690: "Authority to distrain—If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes * * *

by distraint and sale, in the manner provided in this subchapter * * *."

26 U.S.C. § 3692: "Levy—In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property * * *."

dent thereto.' Galbraith v. Vallely, 256 U.S. 46, 50, 41 S.Ct. 415, 416, 65 L.Ed. 823; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S. Ct. 396, 68 L.Ed. 770. But the mere assertion of an adverse claim does not oust a court of bankruptcy of its jurisdiction. Harrison v. Chamberlin, 271 U.S. 191, 194, 46 S.Ct. 467, 468, 70 L.Ed. 897. It has both the power and the duty to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the claim is ingenuous and substantial. Louisville Trust Co. v. Comingor, 184 U.S. 18, 25, 26, 22 S.Ct. 293, 296, 46 L.Ed. 413. *Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court.* MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093. (Emphasis supplied.)"

There is no contention here that the government has registered such a consent. Nor can we say that the government's interest in the fund is grounded in a "colorable or frivolous" claim.

The trustee, in effect, contends that tax controversies, of the order presented are not within the ambit of the principle embodied in Cline v. Kaplan. In support of this position he relies upon In re Florence Commercial Co., 9 Cir., 1927, 19 F.2d 468 which sustained the jurisdiction of the Bankruptcy Court to determine the validity of a lien on properties in the hands of state taxing authorities at the time bankruptcy proceedings were initiated. This case stands alone in adopting such a view and at least one case has refused to follow it. City and County of Denver v. Warner, 10 Cir.,

1948, 169 F.2d 508, 511. Section 64, sub. a of the Bankruptcy Act, Comp.St. § 9648, as then constituted, required that the Bankruptcy Court order the trustee to pay all taxes before payment of dividends to creditors, " 'and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.' " [19 F.2d 469.][4] From this statutory reference the Court reasoned that since dividends to creditors are to be postponed to the payment of taxes there should be "an adequate but at the same time simple and direct mode of adjudicating tax claims." 19 F.2d at page 469. As to the issue now before us the Court concluded: "Nor are we inclined to the narrow view that, while there may be jurisdiction to determine the amount of the tax, it does not extend to the incidental matter of the tax lien. The bankruptcy court is to see to it that the estate fully discharges all legal obligations in respect of taxes; and accordingly it is invested with power to decide all questions incidental to the performance of that duty." 19 F.2d at page 470.

But the Bankruptcy Court is charged with the duty to see that *all* legal obligations of the bankrupt are accounted for, and it would seem to be no more or less "incidental to the performance of that duty" to determine the validity of a creditor's possession than to determine the validity of the taxing authorities' possession. And yet it is clear that where, at the time the petition is filed, a creditor is in possession of the bankrupt's property under a substantial claim, the Bankruptcy Court has no jurisdiction to determine interests therein. Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. We can perceive no statutory justification for differentiating between the possession of a creditor and that of a taxing authority as respects the jurisdiction of a Bankruptcy Court to adjudicate summarily interests in the

4. 11 U.S.C.A. § 104, sub. a applicable to the present case is in substance identical: " * * * in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court."

possessed property. Accordingly we must decline to follow the Florence case.

For the reasons stated, the judgment of the court below will be vacated and the cause remanded with directions to proceed in accordance with this opinion.