Louis FREEMAN, Trustee in Bankruptcy of Brokol Manufacturing Company, Plaintiff,

v.

Joseph F. J. MAYER, District Director of Internal Revenue for the District of New Jersey, Defendant.

Civ. A. No. 534-55.

United States District Court
D. New Jersey.

Oct. 25, 1956.

Bergman & Rothbard, by Sidney M. Bergman, Newark, N. J., for plaintiff.

Raymond Del Tufo, Jr., U. S. Atty., by Hamilton F. Kean, Asst. U. S. Atty., Newark, N. J., for defendant.

MODARELLI, District Judge.

The defendant re-argued two issues: Whether the United States may be made a party; whether 28 U.S.C.A. § 2410 confers jurisdiction over the subject matter. The court has reconsidered its earlier opinion filed January 13, 1956, and has decided to replace it with the following opinion:

This is a motion by the defendant to dismiss the complaint upon the following grounds:

1. The complaint fails to comply with the provisions of Rule 8(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. in that it does not contain "a short and plain statement of the grounds upon which the court's jurisdiction depends";

2. The District Director of Internal Revenue is not a proper party to these proceedings;

3. The complaint fails to state a claim upon which relief can be granted in that it contains no allegation that a claim for a refund was ever filed with the Secretary of the Treasury as required by Section 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422(a);

4. The court lacks jurisdiction over the subject matter of this suit.

Plaintiff alleges that he is the Trustee in Bankruptcy of Brokol Manufacturing Company; he was entitled at the time of the filing of the petition in bankruptcy to all the assets of Brokol; on December 11, 1951, the District Director of Internal Revenue seized all of Brokol's assets under warrants of distraint totaling $5,742.25; on December 12, 1951, an involuntary petition in bankruptcy was filed; the Director now possesses the proceeds of the sale of the assets; plaintiff has demanded the amount in excess of the $5,742.25, but the "Government" has refused to turn it over to plaintiff; defendant has no right to the excess amount and is legally required to turn it over to plaintiff, which plaintiff now demands in his complaint.

By stipulation the Collector was permitted to sell the assets, retaining $5,742.25 plus costs of the sale, the surplus to be administered in accordance with the order of the Bankruptcy Court. The stipulation expressly provides (paragraph 5) "Any of the rights which either of the parties * * * may have had at the time of the filing of the petition in bankruptcy * * * are preserved and are not waived in any manner * * *." The Referee entered an order on April 17, 1952, directing the Collector to turn over the surplus funds to the Trustee to be administered under the Bankruptcy Act. This court reversed that determination. In the Matter of Brokol Manufacturing

Company, Bankrupt, D.C., 109 F.Supp. 562. On appeal, the Court of Appeals vacated the judgment of this court and remanded the case " * * * with directions to proceed in accordance with this opinion." That court held that the Bankruptcy Court did not have jurisdiction to decide whether the Government's failure to follow strictly the statutory procedure for levying, distraining and seizing assets for failure to pay taxes is fatal to its attempt in this case to retain the entire proceeds of the sale of Brokol's assets. In the Matter of Brokol Manufacturing Company, Bankrupt, 3 Cir., 221 F.2d 640. The basis for the court's decision that the Trustee cannot seek his alleged remedy by proceeding in the Bankruptcy Court was that the Bankruptcy Court has " * * * jurisdiction only of those assets in the actual or constructive possession of the bankrupt at the time the petition is filed; if property of the bankrupt is in the hands of an adverse claimant whose claim is 'ingenuous or substantial', interests in that property cannot be determined by a court of bankruptcy without the consent of the adverse claimant * * *." At page 642. Since there was no contention (and there is none now) that the Government consented to the jurisdiction of the Bankruptcy Court and since the Court of Appeals did not find the Government's interest in the disputed fund grounded in a colorable or frivolous claim, that court decided the " * * * trustee's remedy, if any exists, lies in a plenary suit against the Collector." See also May v. Henderson, 1925, 268 U.S. 111, 115, 45 S.Ct. 456, 458, 69 L.Ed. 870, in which the Supreme Court held "It is well settled that property or money held adversely to the bankrupt can only be recovered in a plenary suit and not by a summary proceeding in a bankruptcy court * * *."

As to defendant's first ground, Rule 8(a) (1) requires " * * * a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." Defendant argues that there is no allegation in the complaint pertaining to the jurisdiction of this court. However, that Rule requires only a statement of the "grounds" and I hold that so long as the complaint, fairly read, presumptively shows that this court has jurisdiction, the requirement of the Rule is met.

As to defendant's second ground, the District Director of Internal Revenue is the proper defendant in this plenary action. For clearly the opinion of the Court of Appeals is that "The trustee's remedy, if any exists, lies in a plenary suit against the Collector" [now the District Director]. And that court directed this court to "proceed in accordance with this opinion," viz., allow the trustee to maintain the action against the District Director. There is no difficulty with the words "if any exists" for they refer not to the Trustee's right to maintain this action, but only to his right to a remedy —a judgment on the merits.

The third ground that defendant argues is that plaintiff must first file a claim for refund pursuant to § 7422(a) of the Internal Revenue Code of 1954. But that section is inapplicable on its face. "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed * * *." This is an action for an accounting by the defendant and a determination as to the right to surplus money in the defendant's possession as a result of his seizure of all the assets of the Brokol Manufacturing Company, the sale of which resulted in more money than was covered under the warrants of distraint which were not for the full amount of the tax claim but only for $5,742.25.

Defendant's fourth ground is that this court lacks jurisdiction over the subject matter. There are two short answers to that argument. First, there is the above-quoted mandatory language of the Court of Appeals, and, second, 11 U.S.C.A. § 46 grants jurisdiction to this

court of a controversy between a trustee and an adverse claimant concerning the property claimed by the trustee, which is the precise situation here.

I have always understood that it is an inflexible rule of law, as well as the clear dictate of justice, that no man shall be deprived of his rights or property without an opportunity to be heard.

The court concludes that it has jurisdiction to decide this plenary action, the District Director is a proper defendant, and plaintiff's failure to file a claim for refund does not preclude him from maintaining this action.

Defendant's motion is denied.

An order may be submitted in conformity with the opinion herein expressed.