Louis FREEMAN, Trustee in Bankruptcy
of Brokol Manufacturing Company,
Plaintiff,

v.

Joseph F. J. MAYER, District Director of
Internal Revenue for the District of
New Jersey, Defendant.

Civ. A. No. 534–55.

United States District Court
D. New Jersey.

May 28, 1957.

Bergman & Rothbard, Newark, N. J.,
by Abe Rothbard, Newark, N. J., for
plaintiff.

Chester A. Weidenburner, U. S. Atty.,
Newark, N. J., by Nelson Gross, Asst.
U. S. Atty., Newark, N. J., for defendant.

MODARELLI, District Judge.

The issue before the court is whether
or not the Government's failure, through
alleged administrative oversight, to seize
taxpayer-debtor's property under war-
rants for distraint assertedly issued for
the full amount of taxes owed was fatal
to its claim for the surplus monies rea-
lized from the sale under warrants levied
upon in lesser amount. Plaintiff is Trus-
tee in Bankruptcy of Brokol Manufac-
turing Company, hereinafter referred to
as Brokol, which was adjudicated a bank-
rupt in this District on December 18,
1951, following an involuntary petition
filed December 12, 1951. At the time of
the filing, Brokol was indebted to the
United States for tax arrearages total-
ling $19,806.85. The day prior to the

filing, that is, on December 11, the Collector of Internal Revenue seized Brokol's assets under five warrants for distraint totalling $5,742.25.

■ By stipulation the Collector was permitted to sell the assets, retaining the sum of $5,742.25, the amount due under the warrants, plus costs of the sale; the surplus was to be administered in accordance with the order of the Bankruptcy Court. The proceeds of the sale amounted to $7,100. The Referee entered an order on April 17, 1952, directing the Collector to turn over the surplus funds to the Trustee to be administered under the Bankruptcy Act, 11 U.S.C.A. § 107. This court vacated that determination, In re Brokol Mfg. Co., D.C., 109 F.Supp. 562, holding that Goggin v. Division of Labor Law Enforcement of California, 1948, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543, was dispositive of the dispute and required that the Collector be given priority to the surplus funds. On appeal this determination was vacated, 3 Cir., 1955, 221 F.2d 640, 642, not on the issue of the sufficiency of the levy, but on the single ground that a Court of Bankruptcy did not have jurisdiction to decide the question as to whether the Government's omission to follow strictly the statutory procedure is fatal to its attempt to retain the entire proceeds of the sale. The cause was remanded with the advice that "The trustee's remedy, if any exists, lies in a plenary suit against the Collector." Authority of this court to adjudicate the rightfulness of seizure is derived from 28 U.S.C.A. § 2463.[1] In a proper case the levy may be dissolved. Ex parte Fassett, 1891, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087; Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, 623.

Such a plenary suit was instituted by plaintiff on June 20, 1955, seeking an accounting and possession of sums in excess of $5,742.25. Defendant argued motions to dismiss upon diverse grounds, all of which were denied in an opinion filed October 25, 1956, D.C., 146 F.Supp. 202. The defendant filed an answer asserting that by virtue of actual physical possession of the personal property of Brokol prior to its bankruptcy, his liens were thereby secured and entitled to priority. In addition, defendant denied that he collected accounts receivable of the bankrupt corporation.[2] Plaintiff moved to strike the answer and to enter summary judgment; defendant, in turn, filed a cross-motion for summary judgment. After hearing, both motions were denied. The matter was set down for trial to determine the issue and facts.

At the plenary hearing of the matter, the defendant introduced into evidence numerous warrants for distraint covering tax arrearages of $19,806.85, the total indebtedness of Brokol. The defendant asserted that these warrants had been prepared at the time of the levy, but conceded that they were not delivered to the Deputy Collector when he made his levy. The Deputy Collector, Mr. Rothenberg, testified that he held warrants totalling only $5,742.25. The explanation advanced by defendant's counsel for failure to deliver the additional warrants was that these warrants "were held in suspension because adjustments were in process; offers of payments were pending and it is the policy of the Office of Internal Revenue to hold them in suspension."

Inasmuch as the disposition of the case at bar turns upon compliance with statutory authority for effectuating a levy, it is instructive to analyze the statutory grant. Chapter 36 of the Inter-

---

1. "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

2. Strictly speaking, defendant is correct. The fact is that the accounts receivable were collected by the Trustee and turned over to the Collector by stipulation. The terms of this stipulation are mentioned in a prior opinion in this matter.

nal Revenue Code of 1939 is concerned with the subject of collection. This chapter comprises the authorization for the collector or deputy collector to collect delinquent taxes "by distraint and sale, in the manner provided in this subchapter, of the goods, chattel, or effects, including stocks, securities, bank accounts, and evidences of debt * * *." 26 U.S.C.A. § 3690. Authority to levy is conferred by § 3692, the only provision in the 1939 Internal Revenue Code governing a levy on personal property. But as was noted by the court in United States v. Stock Yards Bank of Louisville, Kentucky, 6 Cir., 1956, 231 F.2d 628, 630, this section "does not set out any method for accomplishing a levy upon property."

█ The procedure of accomplishing a levy may be spelled out from the reported cases. A "levy" requires that property be brought into legal custody through seizure, actual or constructive, levy being an absolute appropriation in law of the property levied on, and mere notice of intent to levy is insufficient. United States v. O'Dell, 6 Cir., 1947, 160 F.2d 304, 307. Accord, In re Holdsworth, D.C.N.J.1953, 113 F.Supp. 878, 888; United States v. Aetna Life Ins. Co. of Hartford, Conn., D.C.Conn.1942, 146 F.Supp. 30, 37, in which Judge Hincks observed that he could "find no statute which says that a mere notice shall constitute a 'levy.'" There are cases which hold that a warrant for distraint is necessary to constitute a levy. Givan v. Cripe, 7 Cir., 1951, 187 F.2d 225; United States v. O'Dell, supra. The Court of Appeals for the Third Circuit stated in its opinion, 221 F.2d at page 642, "These sections [26 U.S.C. §§ 3690–3697] require that a levy by a deputy collector be accompanied by warrants of distraint." In re Brokol Manufacturing Co., supra.

Research has not disclosed any case which deals with the precise issue here involved relating to the right of the Collector to retain possession of a bankrupt's assets so that he may assert additional warrants. In the case of Brust v. Sturr, D.C.S.D.N.Y.1955, 128 F.Supp. 188, reversed in part 2 Cir., 1956, 237 F.2d 135, the facts are somewhat similar to the instant matter, except that the Government had failed to issue warrants for the full amount of taxes due. The trustee instituted a plenary action for the surplus realized from a sale under authority of the three warrants which had been issued and levied upon. The Government defended by invoking the set-off provisions of § 68 of the Bankruptcy Act, 11 U.S.C.A. § 108. Judge Palmieri held for the trustee. The Court of Appeals sustained as to the "set-off" aspect of the case, but reversed on other aspects. On reading the appeal decision several times, it is not clear on what grounds the District Court was reversed. Nonetheless, the court concluded that the Government's status as a lienor was perfected by a *lawful* acquisition of possession of the property. Only in the appeals decision do we read that *blanket* warrants for distraint were levied upon, and apparently these covered all taxes assessed, and hence the surplus realized from the sale could be retained. Even so, it is worthwhile to note the liability of the Collector as the court saw it:

"On the intervention of bankruptcy the Collector was subject only to a contingent liability, viz., to account to the bankrupt for so much of his property as should not be required to satisfy the lien *under process of enforcement by distraint*." 237 F.2d 135, 137. (Emphasis supplied.)

The case at bar and the Brust decision were analyzed by Professor Seligson who concluded:

"On the merits the answer is not at all clear in either of the two cases. If, as has been said, service of the warrants of distraint is a jurisdictional prerequisite, then the Government must lose. A taking of possession of excess property without statutory authorization should not confer greater rights on the Government than a failure to levy with respect to the excess. The Govern-

ment simply has no lien on the excess property, which has been converted into cash, and it cannot avail itself of the set-off provisions of section 68." 1955 Annual Survey of Amer.Law, 31 N.Y.U.Law R. 515, 529.

Attention is directed to the retention by the defendant of proceeds from accounts receivable of Brokol. Although defendant denied in his answer that he collected these accounts, evidence was submitted which establishes the fact that such collections constitute part of the monies received by the District Director.[3] Counsel argued the question of whether or not accounts receivable were subject to distraint and sale and to levy. Section 3692, 26 U.S.C.A., states that:

"In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize the deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien provided in section 3670 exists * * *."

The courts which have had occasion to construe the scope of this section are not in agreement. Generally the question arises from an attempted levy upon the proceeds of the delinquent taxpayer's insurance policy. Judge Hincks in Unit-

ed States v. Aetna Life Ins. Co of Hartford, Conn., D.C.Conn.1942, 46 F.Supp. 30, 36, has stated that § 3692 does not broadly subject "all property," which under § 3670 is subject to lien, also to levy. He concludes that the levy under § 3692 is limited to corporeal personal property except as otherwise provided in the same section. By contrast, the court in Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934, 936, observed:

"We do not believe, in the light of the sweeping language used throughout these statutes, that Congress intended to limit distraint to tangible property and to the specified classes of intangibles. No reason is apparent why 'stocks and securities' should be subject to levy and an annuity contract not."

See also United States v. Metropolitan Life Ins. Co., 2 Cir., 1942, 130 F.2d 149. There is abundant authority holding, however, that a lien for taxes provided for by 26 U.S.C.A. § 3670 can be asserted against intangible property, such as a debt.[4] As with corporeal personal property, the problems of the procedure of acquiring possession of intangible property subject to federal tax lien are found in this area of the law. There is conflict among the circuits as to the proper way to assert the lien. The Fourth Circuit, disagreeing with the Sixth[5] and Seventh,[6] has ruled that

**3.** Exhibit P–5, a letter written by the District Director of Internal Revenue to the United States Attorney, reads as follows:

"Dear Sir:

"Reference is made to the litigation now pending in the United States District Court. Following is a breakdown of monies received from the sale of assets and accounts receivables of the subject taxpayer, less expenses of advertising and use and occupancy claim of the landlord.

"Amounts received from Accounts Receivables     $2667.37
"Proceeds of Sale     7100.00
            9767.32
"Amount applied to Taxpayer Delinquent Accounts     5838.40
            3928.92

"Expended as Cost of Sale     96.15
"Use and Occupancy to Landlord     1653.36    1749.51
            2179.41

"Total amount in the possession of the Government is $2179.41 which is alleged to be the surplus."

**4.** United States v. Liverpool, London & Globe Ins. Co., 1955, 348 U.S. 215, 75 S. Ct. 247, 99 L.Ed. 268; United States v. Long Island Drug Co., 2 Cir., 1940, 115 F.2d 983, 985–986; United States v. First Capital Nat. Bank, 8 Cir., 1937, 89 F.2d 116; Kyle v. McGuirk, 3 Cir., 1936, 82 F.2d 212.

**5.** United States v. O'Dell, 6 Cir., 1947, 160 F.2d 304.

**6.** Givan v. Cripe, 7 Cir., 1951, 187 F.2d 225.

where the Government has made a levy upon an indebtedness to the taxpayer, service of notice by the Government upon the taxpayer's debtor is sufficient United States v. Eiland, 4 Cir., 1955, 223 F.2d 118, 121. The cases of the circuits noted in opposition insist that a warrant for distraint is necessary in addition to the notice to the debtor. In the view of the courts taking the latter position, a levy is a jurisdictional prerequisite.

Judge Smith of this District has subscribed to the view that a levy is a jurisdictional prerequisite. He has noted that "where, as here, the subject matter is an account receivable or chose in action, the seizure may be effected by a levy and the service of a warrant of distraint upon the debtor." In re Holdsworth, D.C.N.J.1953, 113 F.Supp. 878, 880, citing the O'Dell and Cripe cases.

In the case at bar, defendant asserts that the filing of the liens in the Register's Office of Essex County constituted adequate notice to the debtors of Brokol. There was no notice to the taxpayer's debtors, which the Eiland case demanded as a minimum, to say nothing of warrants for distraint accompanying such notice which the courts in the O'Dell and Cripe cases deemed indispensable. It should also be mentioned that the accounts receivable were not listed on the inventory compiled and signed by the Collector.[7]

■ I am constrained to conclude that a levy upon both tangible and intangible property under § 3692 requires the execution of a warrant for distraint and then effective only to the amounts affixed thereon. As noted above, the Court of Appeals for this Circuit declared when this matter was before it that §§ 3690–3697 "require that a levy by a deputy collector be accompanied by warrants of distraint." [221 F.2d 642.] The warrant for distraint itself recites on its face that it shall be the "warrant," i.e., authority for the Deputy Collector to execute it "in the amount or amounts named above."

■ The distress authorized by § 3690 is different from anything known to the common law, both because it authorizes a sale of the property seized, and because it extends to other personalty than chattels. By its very nature it requires that the demands of procedural due process of law be rigorously honored. In the case at bar there was no lawful acquisition of possession of the property representing the surplus funds held by defendant, whether those funds were derived from the corporeal or intangible resources of Brokol. The surplus should be returned to the Trustee to be administered under the Bankruptcy Act.

The foregoing opinion shall constitute findings of fact and conclusions of law as required by Rule 52, Fed.Rules Civ. Proc. 28 U.S.C.A.

An order may be submitted in conformity with the opinion herein expressed.

