In the Matter of

**VIRGIN ISLANDS PAPER COMPANY, FOOD & PAPER
CORPORATION, Debtors**

B-5-1971

B-6-1971

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 4, 1973

CORNEIRO, GIBBS and SELKE, ESQS. (ARNOLD M. SELKE, ESQ., of counsel), St. Thomas, V.I., *for debtors*

GEORGE H. T. DUDLEY, ESQ., Christiansted, St. Croix, V.I., *for CAP Sales Corporation*

YOUNG, *Judge*

MEMORANDUM OPINION AND ORDER

 This case arises out of a petition to review an order of the referee in bankruptcy. Since the petition was not filed within the statutory period of ten days from the entry of the order,[1] the matter is before the court on a motion for leave to file the petition out of time. I must hold, however, that this time limit is a jurisdictional one and

---

[1] 11 U.S.C. § 67(c).

that the court is without power to entertain a late-filed petition, absent special circumstances not present in this case. The motion for leave to file out of time will therefore be denied.

The facts of this case are not simple, but the chronology relevant to the present motion may be briefly summarized. In July of 1971, CAP Sales Corporation ("CAP"), the present petitioner, instituted an action for debt. The defendant was somewhat ambiguously styled Frederick P. Weiner, an individual, "doing business as" Island Industries, Inc., a corporation. This ambiguity caused no immediate difficulties, and on August 19 the defendant confessed to an adverse judgment. That same day a writ was served attaching a van owned by him; formal judgment against the defendant was entered shortly thereafter. Over the next few months Weiner encountered increasing financial difficulties. His corporation, Island Industries, eventually filed for bankruptcy on November 18. At that time the true identity of the defendant in the civil action became important. Weiner urged that the action had in reality been against the corporation, that the van was in reality a corporate asset, and that it shall therefore be considered an asset of the estate to be distributed among all creditors.[2] CAP denied this warmly, asserting that its judgment was against Weiner as an individual, that the van was in his own name, and that the

---

[2] 11 U.S.C. § 107(a) provides as follows:

(1) Every lien . . . obtained by attachment, judgment . . . or other legal . . . process . . . within four months before the filing of a petition initiating a proceeding under this title . . . shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent . . . .

\* \* \*

(3) The property affected by any lien deemed null and void . . . shall be discharged from such lien, and such property . . . shall pass to the trustee or debtor . . . .

corporation's subsequent bankruptcy was therefore immaterial. This controversy was submitted to the referee.[3]

On June 30, 1972, the referee issued the order now in dispute. He ruled that the van was a corporate asset and ordered CAP to surrender it to the bankrupt estate. This order was not mailed until July 14, and it was not received by CAP's attorney until late in that month, due to the fact that he was changing offices at that time. On August 1 he filed a "notice of appeal" from the referee's order. On August 15 he altered the format and filed a motion for leave to file a petition out of time. This motion was filed with the District Court, but forwarded by the Clerk to the referee for an initial determination. The referee denied the petition as untimely filed. CAP thereupon filed the present motion, on December 6, directly with this Court.

■■ In light of the chronology, CAP's request to file a petition at the present time is in many ways a sympathetic one. The referee's order, for example, was mistakenly captioned for the District Court of Puerto Rico and was initially sent to that court. It would thus be difficult for an attorney to learn of its existence, and unfair to take the date of signature as beginning the ten-day period. I will instead take the period as beginning on July 14, the date when the Clerk of the Court mailed copies of the order to the attorneys involved.[4] Similarly,

---

[3] It was previously submitted to this court in the form of a motion to stay the sheriff's sale of the van in the civil action. That motion was denied on December 9, 1971, since it had been brought by Weiner individually, and he was not the "bankrupt" in whose favor a stay order might be invoked.

[4] Pursuant to my opinion in In re Quantum Development Corporation (Div. St. Croix, Dec. 15, 1972) the original files for bankruptcy matters originating in the Virgin Islands should be maintained by the Clerks of Court for the respective divisions of this district. All filings by attorneys should be made in duplicate and the Clerk will forward one copy of each item to the referee in San Juan for his own file. Once this practice is instituted, the ten-day period will therefore begin to run on the day an order is received by the Clerk here for filing. At least in this division, the Clerk will also be under standing instructions to immediately forward copies of the order to all attorneys of record.

CAP's "notice of appeal", filed on August 1, is also entitled to sympathetic consideration. While it was not technically denominated a "petition for review", the purpose to be served by this document appears manifest. The present record does not indicate whether the notice was filed with the Clerk of Court or directly with the referee, but my recent decision in In re Quantum Development Corporation (December 15, 1972) indicates that either place would be sufficient. If the papers had been otherwise proper, therefore, I think the referee should have treated it as a petition for review. The special procedures of bankruptcy are needed to assure prompt determinations, but they should not otherwise be used to deprive unnecessarily a litigant of his right to judicial review.

Nonetheless, in light of this chronology I also believe that the papers were not filed with the required promptness. Even granting CAP the benefit of the two dispositions discussed above, there still remains the period from July 14 to August 1. This is considerably over ten days. Yet the ten-day requirement, unlike Federal Rule 6(b)(1), does not permit subsequent enlargement of time at the discretion of the court. On the contrary, it may be understood as a jurisdictional limitation. See St. Regis Paper Co. v. Jackson, 369 F.2d 136 (5th Cir. 1966); In re Acme Furnace Fitting Co., 302 F.2d 318 (7th Cir. 1962); 2 Collier, Bankruptcy ¶ 39.20 [3]–[4.1] (14th ed. 1971). I therefore do not feel myself empowered to waive this requirement on the facts of the present case.[5]

 If the original order were issued ex parte and might otherwise be challenged on due process grounds, it may of course be collaterally attacked at any time. See, e.g., Thomas Corp. v. Nicholas, 221 F.2d 286 (5th Cir.

[5] In denying the petition for review, I am fortified by my belief that the referee decided the matter correctly. If I had gone on to reach the merits, I would have found that the civil action was indeed conceived of as being against the corporation, and that the van was considered as being a corporate asset.

1955); In re F. P. Newport Corp., 137 F.Supp. 58 (S.D. Calif. 1955); Collier, supra, at ¶ 39.18. On a similar theory, an order is also voidable at any time if it relates to a subject matter over which the bankruptcy court has no jurisdiction. The petitioner has endeavored to fit his case into this exception to the ten-day limitation. I believe, however, that the cases cited for this proposition may both be distinguished. Cline v. Kaplan, 323 U.S. 97 (1944), held that a bankruptcy court may summarily determine rights only as to property which is in the actual or constructive possession of the court. A third party is otherwise entitled to have his claim adjudicated "in suits of the ordinary character, with the rights and remedies incident thereto." CAP therefore urges that since it possesses the van in question, and the court does not, the bankruptcy court was without jurisdiction to enter the turnover order. CAP's "possession", however, seems terminated by the provisions of 11 U.S.C. § 107(a)(1), (3), supra note 2. That statute provides that a lien acquired within four months prior to bankruptcy shall be void and the property shall return to the trustee or debtor. The property therefore returns to the actual or constructive possession of the court, which is empowered by subsection (a)(4) to proceed summarily with respect to it. It thus appears that only where the attachment was perfected more than four months prior to the bankruptcy filing—as it was not here—that an adverse claimant has the right to a full civil trial. For extensive citation see 11 U.S.C.A. § 107 n. 165. In re Brokol Manufacturing Co., 221 F.2d 640 (3rd Cir. 1955), is also distinguishable in that there the adverse claimant had a colorable, substantial claim that it had a previously perfected interest in certain property. Since the issue was thus unclear the claimant was entitled to a full trial. But I believe that no such ambiguity exists here: section 107 clearly returns the property to the bank-

311

rupt estate, and so the summary adjudication is appropriate.

For the reasons set forth above an Order will be entered denying the motion for leave to file the petition for review out of time.

## ORDER

For the reasons set forth above, the motion for leave to file a petition for review out of time is hereby DENIED.