## MEYER *v*. MISSOURI GLASS COMPANY.

### Opinion delivered May 7, 1898.

ATTACHMENT—LEVY.—A constable acting under a writ of attachment, upon being denied the use of the key by the owners of a store, stationed himself near the store at night, declared that he had levied upon the goods in the store, and said that he would break and enter the store in the morning.    *Held* not a valid levy of the goods in the store, as against a sheriff who levied upon the goods next morning by taking them into his custody.    (Page 289.)

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

## STATEMENT BY THE COURT.

This is a contest between certain creditors of the firm of Sheppard Bros. concerning the priority of their attachment liens. The facts are as follows: The appellants, Meyer, Bannerman & Co., A. C. Pitts, and the First National Bank of Atlanta, Texas, were the creditors of the partnership firm of Sheppard Bros., which firm was engaged in mercantile business at Era, Ark. On the 7th of December, 1895, appellant brought their several suits against said firm in the circuit court of Miller county, and procured writs of attachments against its property, which were placed in the hands of one Bramble, a deputy sheriff. On the same day appellees, Missouri Glass Co., Goddard-Peck Grocer Co., and Rothschilds Bros., also creditors of said firm, brought suits before J. O. Reeves, a justice of the peace, and procured writs of attachment, which were placed in the hands of H. W. Foster, a constable. These several writs of attachment in the hands of the constable and sheriff were afterwards levied upon a stock of goods belonging to said Sheppard Bros. in their store at Era. Upon the question as to whether the writs in hands of the constable were levied prior to those held by the sheriff, the constable testified as follows: After stating that, in company with one Pruitt, an attorney, he went to the residence of Sheppard Bros., at 2:30 a. m. December 8, 1895, and read the writs of attachment to them, he said: "I then demanded the key to the store, and they refused to give it to me. I told them that we would take charge of all the goods in front of the store, and all the goods in stock inside. When they refused to give me the key, I told them that we would break open the door, and they replied: 'Go ahead, and break open the door.' The store was locked. It was dark, and we had no light. It was so late in the night that we concluded to wait until daylight, intending to break open the door at daylight, when we could see to take the stock. I had nothing to break open the door with, and could not find anything in the dark. The goods in front of the store (consisting of certain stoves and plows, etc.) were the only goods we could see. We levied upon the goods in front of the store, and announced a levy upon the stock inside.

It was cold, and we made a fire in front of the store, and stayed there. In about an hour Bramble, the deputy sheriff, came with A. C. Pitts, one of the plaintiffs. Pitts went to where Sheppard Brothers lived, and got the key, gave it to Bramble, and he went in, and took possession of the goods. Bramble put up his notices, and then I put up mine. I told Bramble I had levied upon the stock before he took possession of it. I left him at the store."

Bramble, the deputy sheriff, testified that he went to the store, found no one in possession, got the key, entered the store, and levied upon the stock, and held possession of same. "When I got there," he said, "Pruitt and Foster, the constable, were by a fire a short distance from the store."

The circuit court found that the levy made by the constable was prior to that made by the sheriff, and gave judgment accordingly.

*Williams & Arnold*, for appellants.

To constitute a valid levy of attachment upon personal property capable of manual delivery, the officer must take it into his exclusive control and out of the posession of the defendant; and, further, it must be within his view and subject to his touch. Sand. & H. Dig., § 336; 40 S. W. 780; 8 Conn. 321; 21 Am. Dec. 674; 19 Wend. 495; 14 *id.* 123; 3 *id.* 446; 11 *id.* 548; 2 Hill, 666; 90 Am. Dec. 378; 65 *id.* 330; 76 *id.* 309; 14 Cal. 47; Freeman, Executions, 260, 262–3; 9 Am. Dec. 39; 17 F. H. 246; 2 N. H. 317; 45 F. H. 339; Drake, Attach. (5 Ed.) §§ 255–7–8; 22 S. E. 47; 23 S. E. 685; 40 Am. Dec. 292; 22 *id.* 425; 25 *id.* 167; 8 *id.* 321. It was error for the court to refuse to make special findings of law and fact, upon request. Sec. 11, art. 7, const. Ark.; 30 Ark. 355.

*Figures & Pruitt* and *T. E. Webber*, for appellees.

It is in the discretion of a court, trying a case without a jury, to make a general finding instead of a special finding. 30 Ark. 355–8; 49 U. S. App. 122; S. C. 79 Fed. 575; 67 N. W. 350; 64 Minn. 439; 41 Pac. 695; 151 N. Y. 282. The findings of fact may be reduced to writing after judgment. 27 Ark. 619; 33 *ib.* 645–50; 34 *ib.* 526; The findings of fact

are in the bill of exceptions and are part of the record before this court. 33 Ark. 97; 28 Ark. 75; 42 Ark. 41. The failure of the court to write out special findings would be immaterial, if the consideration of the whole record showed no grounds for reversal. 45 So. Car. 503; S. C. 23 S. E. 516; 43 So. Car. 506; S. C. 24 S. E. 288; 40 U. S. App. 579; 77 Fed. 58. If the judgment is not inconsistent, it will be allowed to stand. 76 Fed. 257; 50 Ark. 314; 43 Ark. 296; 46 *ib.* 542. If the constable's acts amounted to a levy, the judgment of the court is right. 60 Ark. 394. An officer in making a levy must take the articles under his exclusive control. 52 N. H. 185; 2 *ib.* 68; 2 *ib.* 317; 5 *ib.* 433; 16 *ib.* 129; 12 *ib.* 506; 25 Me. 176. But the nature of the possession and custody which the officer is required to keep depends upon the nature and position of the property. 14 Pick. 410; 35 Ala. 673; 35 Ill. 450; 2 Freeman, Execut. §§ 260–3; 1 Baxt. 245; 98 N. C. 286; 83 Va. 459; 99 N. C. 21; 150 Mass. 513. The test of validity of the levy is whether the acts of the officer would make him a trespasser, but for the protection of his writ. 63 N. W. 376. An attachment levy upon personalty is sufficient if the officer's acts divest defendant's possession and give to the officer the claim of dominion, coupled with the power to exercise it over the attached property. 49 Pac. 790; 71 N. W. 1012; 67 Mo. App. 457; 69 N. W. 1011; 41 W. Va. 191; S. C. 23 S. E. 685; 43 Pac. 571; 40 S. W. 701.

RIDDICK, J., (after stating the facts). We are of the opinion that the constable did not make a valid levy upon the goods in the store prior to that made by the sheriff. The stock of goods was capable of manual delivery, and to make a valid levy thereon it was necessary for the officer to take the same into his custody. Sand. & H. Dig., § 336.

The custody of the property in such a case must be an actual possession; there must be actual control with power of removal. It is not sufficient for the officer to take a constructive possession, or to declare that he has taken possession and levied upon the goods, when in fact they are in a locked storehouse, to which another holds the key, and into which the officer has not effected an entrance, so that he can see the goods,

and ascertain their kind and quantity.    *Haggerty* v. *Wilber*, 16 Johns. (N. Y.) 287; *Rix* v. *Silknitter*, 57 Iowa, 262; *Evans* v. *Higdon*, 1 Baxter (Tenn.), 245; Rorer, Judicial Sales, § 1005; 8 Enc. Pl. & Prac. 531, and cases cited.

In this case the constable, being denied the use of the key by the owners of the store, levied upon certain chattels in front of the store.    He then stationed himself near the store, declared that he had levied upon the goods in the store, and said that he would break and enter the store in the morning.    These facts show an unmistakable intention to make a levy, but an intention to levy is not sufficient.    There must be a real levy by taking actual possession and control of the goods; and, in the absence of such a possession, a declaration by the officer that he has levied amounts to nothing.    The goods here were in a locked storehouse, to which the owner held the key.    The constable had not effected an entrance into the store, thus showing conclusively that he had not gained control of the goods with power of removal.    He had no means of knowing what goods were in the store, and, if they had been destroyed or stolen, he could not have described them.    If the constable believed that he had levied upon the goods inside of the store to which he had not obtained access, and had not seen, he was mistaken.    Although this mistake was one that even a lawyer, called to act on the spur of the moment, might make without subjecting himself to just criticism, it was fatal to the claim of priority made by the appellees.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.