### UNITED STATES v. O'DELL.
No. 10188.

Circuit Court of Appeals, Sixth Circuit.
March 10, 1947.

Lee A. Jackson, of Washington, D. C. (Sewall Key, A. F. Prescott, and Lee A. Jackson, all of Washington, D. C., and John C. Lehr and Morris Zwerdling, both of Detroit, Mich., on the brief), for appellant.

John Sklar, of Detroit, Mich. (Meyers & Keys and John Sklar, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an action instituted by the Government under section 3710, I.R.C., 26 U. S.C.A.Int.Rev.Code, § 3710, to collect from a trustee for benefit of creditors of the Howie Company, an insolvent Michigan corporation, certain unpaid excise taxes which had theretofore been assessed against the Howie Company. The District Court dismissed the complaint, and this appeal was prosecuted.

The facts are stipulated, and show that on June 2, 1939, the Howie Company delivered to one William G. Starr, as trustee for the benefit of creditors, a trust chattel mortgage, together with all of its assets. The appellee, successor trustee, was later given possession and control of the assets, liquidated them, and placed the proceeds, $2,933.66, on deposit in a Detroit bank. On September 15, 1941, the Collector of Internal Revenue made demand in writing upon the appellee for payment of past due social security taxes amounting to $1,336.-84. Four of the assessment lists for the various items of taxes claimed by the Collector, aggregating $386.11, had been received by him prior to the delivery of the trust mortgage. Three other items aggregating $711.98 were received by the Collector subsequent to the delivery of the mortgage. On September 9, 1941, the total taxes due the City of Detroit, the County of Wayne, and the State of Michigan, amounted to $3,858.45, and under sections 7.81, 7.91 and 7.44, Mich.Stat.Ann., and the charter of the City of Detroit, sections 1, 4a, 8 and 26, had become a lien upon the property of the taxpayer.

Section 3710, I.R.C., 26 U.S.C.A.Int.Rev. Code, § 3710, and other pertinent statutes are printed in the margin. [1]

---

[1] Section 3710, I. R. C.

"(a) * * * Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) * * * Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

Section 3670, I. R. C.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs

The Government asserts that under section 3466, R.S., 31 U.S.C. § 191, 31 U.S.C.A. § 191, the excise taxes due must first be satisfied. Section 3466 applies here, for the Howie Company is indebted to the United States, and its estate is insufficient to pay all of its debts. The District Court held that the statutes did not authorize recovery because the fund was the property not of the taxpayer, but of the trustee, and also, relying upon In re Dissolution of Ever Krisp Food Products Co., 307 Mich. 182, 11 N.W.2d 852, held that the local liens were specific and perfected and prior to the federal tax claims. The Government contends that the Supreme Court of the United States, in United States v. Waddill, Holland & Flynn, 323 U. S. 353, 65 S.Ct. 304, 89 L.Ed. 294, a case involving facts similar to those of the Ever Krisp case, held the federal lien to have priority, and that the judgment herein is therefore clearly erroneous. The Waddill case declared that a federal question was presented as to whether a state or local lien was specific and perfected, and the judgment of the Supreme Court of Virginia upholding a landlord's lien as against a federal claim for taxes was reversed. The Supreme Court of the United States in that case decided that the landlord's lien was not specific nor perfected, but the question of the applicability of section 3466, R.S., to prior specific and determined liens was reserved, as it had also been reserved in previous decisions. United States v. State of Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356. The Waddill case has recently been followed and applied in People of Illinois ex rel. Gordon v. Campbell, Collector, 67 S.Ct. 340.

Section 3466 does not create a lien, but establishes a priority. Beaston v. Farmers' Bank of Delaware, 37 U. S. 102, 9 L. Ed. 1017; United States v. Fisher, 6 U. S. 358, 2 Cranch 358, 2 L.Ed. 304. Section 3670, however, does create a lien in favor of the Government which arises at the date when the assessment list is received by the Collector. Section 3671. As to the first four excise tax items listed in the stipulation, the assessment lists were received before the date of the delivery of the mortgage, and the lien of the Government as to $386.11 is clearly prior to possession of the assets

---

that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3671, I. R. C.

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

Section 3672, I. R. C.

"(a) * * * Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—* * *."

Section 3690, I. R. C.

"If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid."

Section 3692, I. R. C.

"In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien provided in section 3670 exists, for the payment of the sum due, with interest and penalty for nonpayment, and also of such further sum as shall be sufficient for the fees, costs, and expenses of such levy".

Section 3466, R.S., 31 U.S.C. § 191, 31 U.S.C.A. § 191.

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

by the trustee, although not prior to the attachment of a majority of the liens for local taxes, under Michigan law. But under this record the question of priority is not conclusive. The judgment was correct, not for the reasons stated by the District Court, but because of the failure of the Government to comply with the statutory requirements.

Section 3710 requires the surrender of property or rights to property (1) subject to distraint; (2) upon which a levy has been made; (3) unless such property is subject to an attachment or execution under judicial process. This section is new, having been enacted in 1926, Act of Feb. 26, 1926, section 1114(e) and (f), 44 Stat. 117; but the provision authorizing the Collector after failure or refusal of the taxpayer to pay taxes due, to levy upon his property or property rights (section 3692) dates from 1866. As pointed out in United States v. Metropolitan Life Ins. Co., 2 Cir., 130 F. 2d 149, 151, the procedure for distraint authorized under section 28 of the Revenue Act of 1864, 13 Stat. page 233, was in substance like that of Section 3692 except that nothing was said about a levy. In 1866, 14 Stat. 107, § 9, Congress, among other changes, provided that a levy was required to be made "upon all property and rights to property * * * belonging to" the taxpayer. The provision authorizing levy is unchanged in the statute applicable here (section 3692). Thus Congress enacted section 3710 with knowledge that for some sixty years levy had been authorized in these cases. In section 3710, which provides a method of forcing a third person to surrender property of the taxpayer for the payment of the taxes due, Congress not only required that the property surrendered should have been levied upon, but emphasized this provision by making the allowance for costs and interest contained in subsection (b) run "from the date of such levy." The property involved here falls within the classes of property subject to distraint, section 3690, and is not subject to an attachment or execution; but the record fails to show that levy has been made.

The stipulation covering levy is as follows:

"That one Giles Kavanagh, the duly appointed, qualified and acting Collector of Internal Revenue for the District of Michigan, on September 8, 1941, as said Collector, gave written notice to the defendant LeRoy E. O'Dell that the tax assessment . . . totalling $1,336.84, including interest thereon, were unpaid and due and further notified the defendant that all property, rights to property, moneys, credits and/or bank deposits then in his possession or under his control and belonging to said Howie Company, and all sums of money owing from the defendant to said Howie Company, were seized and levied upon for the payment of said taxes, together with penalties and interest, and demand was then made upon the defendant for the sum of $1,336.84, or such lesser sum as he was then indebted to said Howie Company, to be applied in payment of said tax liabilities."

This paragraph describes a mere statement or notice of claim. Nothing alleged to have been done amounts to a levy, which requires that the property be brought into legal custody through seizure, actual or constructive, levy being "an absolute appropriation in law of the property levied upon." Rio Grande R. Co. v. Gomila, 132 U. S. 478, 10 S.Ct. 155, 33 L.Ed. 400; In re Weinger, Bergman & Co., D. C., 126 F. 875, 877; Smith v. Packard, 7 Cir., 98 F. 793. Levy is not effected by mere notice. Hollister v. Goodale, 8 Conn. 332, 21 Am. Dec. 674; Meyer v. Missouri Glass Co., 65 Ark. 286, 45 S.W. 1062, 67 Am.St.Rep. 927; Jones v. Howard, 99 Ga. 451, 27 S.E. 765, 59 Am.St.Rep. 231.

Section 3692 does not prescribe any procedure for accomplishing a levy upon a bank account. The method followed in the cases is that of issuing warrants of distraint, making the bank a party, and serving with the notice of levy copy of the warrants of distraint and notice of lien. Cf. Commonwealth Bank v. United States, 6 Cir., 115 F.2d 327; United States v. Bank of United States, D. C., 5 F.Supp. 942, 944. No warrants of distraint were issued here.

The cases relied on by the Government as supporting recovery under section 3710

arise in the main out of situations where a bank has been sued, or joined as a party to an action claiming a bank deposit. No such procedure was followed in this case. Moreover, it does not appear that notice and demand were served upon the person liable to pay the taxes, namely, the Howie Company, in accordance with sections 3670 and 3690. This being the case, query, whether the property or rights to property were within the meaning of section 3710 "subject to distraint," for under section 3690 the right to collect the taxes by distraint and sale arises only after notice and demand.

It would seem to require not much exposition to demonstrate that when the sovereign establishes any priority in its favor, and imposes certain conditions upon the enforcement of that right, it is required to comply with the conditions which it has laid down. Since no levy was made upon the funds involved, one of the jurisdictional prerequisites for the application of section 3710 is lacking, and the complaint was rightly dismissed. Cf. United States v. Ætna Life Ins. Co. of Hartford, Conn., D. C., 46 F.Supp. 30, 37.

The judgment is affirmed.