Houston B. HILL et al., Plaintiffs,

v.

WHITLOCK OIL SERVICES, INC., et al., Defendants,

Hutchinson National Bank and Trust Company, Defendant, Cross-claimant and Appellee,

United States Marshal for the District of Kansas, Appellant.

No. 465-70.

United States Court of Appeals, Tenth Circuit.

Oct. 14, 1971.

Rehearing Denied Nov. 8, 1971.

2. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

D. C. Martindell of Martindell, Carey, Hunter & Dunn, Hutchinson, Kan., for Hutchinson Nat. Bank and Trust Co., appellee.

Ronald R. Glancz, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Robert J. Roth, U. S. Atty., and Morton Hollander, Atty., Dept. of Jus-

tice, on the brief), for United States Marshal for the District of Kansas, appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question presented is the right of a United States Marshal to receive a commission of $117.81 for selling a parcel of Kansas land under order of a federal district court. The court denied the commission and the Marshal has appealed.

A diversity action was brought to quiet title to various tracts of land. A defendant, Hutchinson National Bank and Trust Company, mortgagee of one parcel, filed a cross-claim for foreclosure. A default judgment for $6,854.13 was entered in favor of the Bank and the Marshal was ordered to sell the property. Notice of sale was given. The Bank was the highest and best bidder, and the Marshal sold the property to it. In his report of sale the Marshal listed various expenses and claimed a commission of $117.81. The Bank paid and then filed a motion to retax costs, asserting that the commission was not permissible under 28 U.S.C. § 1921. The district court agreed with the Bank and disallowed the commission. The Marshal then repaid the $117.81 to the Bank.

■ Several threshold questions raised by the Bank's motion to dismiss the appeal must first be considered. A judgment granting or denying costs is appealable "when the power of the court to assess the costs is at issue." United States v. Arizona Canning Co., 10 Cir., 212 F.2d 532, 534; see also Newton v. Consolidated Gas Company of New York, 265 U.S. 78, 83, 44 S.Ct. 481, 68 L.Ed. 909. The question here is the power of the court to allow the Marshal a commission under § 1921.

■■ The Bank urges that the repayment by the Marshal to the Bank of the $117.81 commission destroys the right to appeal. We have held three times that the Kansas rule that acquiescence in a judgment bars appeal does not apply in the federal courts when repayment may be enforced. See Newman v. Nelson, 10 Cir., 350 F.2d 602, 605; United States v. Featherston, 10 Cir., 325 F.2d 539, 541; and Leader Clothing Company v. Fidelity and Casualty Company of New York, 10 Cir., 227 F.2d 574, 575–576. Nothing in the record indicates any reason why repayment may not be enforced.

■ The Bank says that the appeal should be dismissed because the record was not filed in time. Rule 11(a), F.R. A.P., requires transmission of the record within 40 days after the filing of the notice of appeal and Rule 11(d) permits the district court to extend this time to not more than 90 days after the filing of the notice of appeal. An appropriate order was entered extending the time for 90 days. Under Rule 11(b) transmission is effected when the clerk of the district court mails the record to the clerk of the court of appeals. Such mailing was made on the 73rd day. The appeal was not docketed immediately because the docketing statement required by our Local Rule 7 had not been filed. Local Rule 7 is not jurisdictional and is ground only for such action as the court of appeals deems appropriate. We find nothing in the record which calls for any action. The motion to dismiss the appeal is overruled.

On the merits we are concerned with the construction and application of 28 U.S.C. § 1921, which provides:

"Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:

\*   \*   \*   \*   \*   \*

For seizing or levying on property (including seizures in admiralty), disposing of the same by sale, setoff, or otherwise and receiving and paying over money, commissions of 3 per centum on the first $1,000 of the amounts collected and 1½ per centum on the excess of any sum over $1,000."

Section 1921 had its genesis in the Act of February 26, 1853, which, among other things, regulated the fees and costs allowable to marshals. It provided, 10 Stat. 161, 164:

"For serving a writ of possession, partition, execution, or any final process, the same mileage as is herein allowed for the service of any other writ; and for making the service, seizing or levying on property, advertising and disposing of the same by sale, set-off, or otherwise, according to law, receiving and paying over the money, the same fees and poundage as are or shall be allowed for similar services to the sheriffs of the several States, respectively, in which the service may be rendered."

In 1950, the 1853 statute was amended to increase the allowable mileage rate. A 1962 amendment placed § 1921 in its present form. See 76 Stat. 417. Both the House and Senate Reports show that the 1962 amendment was prompted by the insufficiency of the fees charged by the marshals to cover the expenses incurred on behalf of private litigants. See S.Rep. 1785, 87th Cong. 2d Sess., 1962 U.S.Cong. & Adm.News, p. 2239; and H.Rep. 1724, 87th Cong., 2d Sess. The House Report, p. 5, says:

"There is a consolidation and change in language of the several provisions of existing law. We believe that uniform fees should be fixed by the Congress for this work, thereby discontinuing the antiquated practice of having the marshals' fees, in part, determinable on the basis of sheriffs' fees and poundage."

Moneys so collected are paid to the Federal Treasury. See 31 U.S.C. § 725v (b) and 28 U.S.C. § 572(a).

■ Section 1921 requires three acts: (1) seizure or levy, (2) disposition of the property by sale, setoff, or otherwise, and (3) receipt and payment of money. Because the clauses are phrased in the conjunctive, all three acts are necessary to entitle the Marshal to a commission.

The satisfaction of requirements (2) and (3) is established. The issue is whether the seizure or levy requirement has been met. The district court held that it had not because under Kansas law a sale of property on foreclosure is a judicial sale as distinguished from an execution sale. See Aguilera v. Corkill, 201 Kan. 33, 439 P.2d 93, 96, and National Reserve Life Insurance Company v. Kemp, 184 Kan. 648, 339 P.2d 368, 374. The court reasoned that without an execution there was no seizure or levy.

Under the order of the federal district court the Marshal published notice of the sale, conducted the sale, reported his actions, accounted for the receipts, and issued a deed as Marshal. He was never on the land. If possession was not surrendered voluntarily, a writ of assistance would have been needed to obtain possession. Under Kansas law no seizure or levy was made.

■ Federal, not local, law applies in the interpretation and application of federal statutes. Prudence Realization Corp. v. Geist, 316 U.S. 89, 95, 62 S.Ct. 978, 86 L.Ed 1293. The question is not the type of sale under Kansas law but whether § 1921 authorizes a commission to a marshal for a judicial sale such as was made here.

■ The Bank argues that the statutory language "seizing or levying on property (including seizures in admiralty)" excludes judicial sales under the maxim of express mention and implied exclusion. We are not impressed. The maxim is a guide to construction and not a positive command. Massachusetts Trustees of Eastern Gas and Fuel Associates v. United States, 1 Cir., 312 F. 2d 214, 220.

The controlling consideration here is legislative intent. The crux of the matter is whether Congress, by using the words "seizing or levying," intended to include judicial sales. In an execution sale, the selling officer is authorized by the writ of execution and is guided by the law rather than by the court. In a

judicial sale, the court controls and the person making the sale acts as agent for the court. Cf. Coulter v. Blieden, 8 Cir., 104 F.2d 29, 33. In either case the functions of the selling officer are essentially the same. He acts to secure satisfaction of a judgment. To say that the Marshal is entitled to a commission when he disposes of the property under a writ of execution and is not so entitled when he acts under a court order is to draw a fine line of demarcation.

The statute does not define either "seize" or "levy," and none of the decisions applying the statute are pertinent to our problem. "Levy" is an ambiguous word with its meaning dependent on the context in which it is used. A general definition given in the Uniform Enforcement of Foreign Judgments Act, § 1(c), is:

> " 'Levy' means to take control of or create a lien upon property under any judicial writ or process whereby satisfaction of a judgment may be enforced against such property."

In the case at hand, the Marshal took control of the land under a court order to hold a foreclosure sale for the satisfaction of a judgment. The fact that he did not go on the land and take actual possession is not pertinent. Under the court order he in effect levied on the land.

The purpose of the pertinent provisions of § 1921 is to reimburse the federal government for services rendered to private litigants by United States marshals. As noted in the House Report on the 1962 act which is now § 1921, "uniform fees should be fixed by Congress." The attainment of uniformity requires not only the same rate but the same method of assessment. The commission should be allowed or denied for substantially the same services in whatever jurisdiction they may be rendered. Uniformity is impossible if the right of the Marshal depends on the fine distinctions which state law may draw. We believe that in using the words "seizing or levying" Congress intended to include both execution and judicial sales. It follows that the Marshal is entitled to his commission.

Reversed with directions to allow the commission.