**TRAVELERS INSURANCE COMPANY, a Connecticut corporation, Plaintiff,**

v.

**M. T. LAWRENCE, Jr., et al., Defendants.**

**Civ. No. 71–789.**

United States District Court, D. Oregon.

Jan. 26, 1973.

Sidney I. Lezak, U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for the United States Marshal.

## MEMORANDUM OPINION

ALFRED T. GOODWIN, Circuit Judge:

Travelers Insurance Company has foreclosed a $3,500,000 mortgage on a cattle ranch, and, with other parties interested in the mortgaged property, now objects to the assessment under 28 U.S. C. § 1921 of the fee for the United States Marshal for conducting the foreclosure sale.

■ The matter has been extensively briefed and argued, because the fee, if taxable as costs, comes to $75,765.00. The calculation is found in 28 U.S.C. § 1921:

> "For seizing or levying on property (including seizures in admiralty), disposing of the same by sale, setoff, or otherwise and receiving and paying over money, commissions of 3 per centum on the first $1,000 of the amounts collected and 1½ per centum on the excess of any sum over $1,000 * * *."

The taxation of such costs is discretionary. E. g., Marcus v. National Life Insurance Co., 422 F.2d 626, 631 (7th Cir. 1970); United States v. Erie R. Co., 200 F.2d 411 (6th Cir. 1952); United States v. Bowden, 182 F.2d 251 (10th Cir. 1950); United States ex rel. Griffin v. McMann, 310 F.Supp. 72, 74–75 (E.D.N.Y.1970); 6 Moore's Federal Practice ¶ 54.71, at 1376, and ¶ 54.-77[1], at 1702–03 (1972). But if the costs are taxed, the amount thereof is not discretionary. 28 U.S.C. § 1921.

■ A due regard for legislative intent requires the taxation of costs in this case. Congress, in enacting Section 1921, intended to make the services performed by clerks and marshals in civil

John H. Buttler, Cake, Jaureguy, Hardy, Buttler & McEwen, Portland, Or., for plaintiff.

Ernest Bonyhadi, Rives, Bonyhadi & Hall, Portland, Or., for M. T. Lawrence, Jr., and N. W. Cattle & Resources, Inc.

William M. McAllister, Charles F. Hinkle, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for Nevada Nat. Bank.

litigation more nearly self-supporting than had been the case under former law. And I have no doubt that if the foreclosure in this case had involved an ordinary residential or business property the marshal's fee would have been taxed and paid as a matter of course. The question here thus becomes one of scale rather than of policy.

In foreclosures involving small sums of money, the marshal's service may not be fully compensated for by the statutory fees, while in larger transactions the fee may help defray unreimbursed expenses incurred in the smaller cases. While the amount of the fee in this case seems substantial, it is only approximately one tenth the interest which accrued on the mortgage after the default and while the foreclosure was pending in court.

█ Travelers argues that the Marshal did not seize or levy on the property and, hence, Section 1921 is not applicable. The same argument was rejected in Hill v. Whitlock Oil Services, Inc., 450 F.2d 170 (10th Cir. 1971). In *Hill*, the Tenth Circuit reasoned that "[t]he crux of the matter is whether Congress, by using the words 'seizing and levying,' intended to include judicial sales." 450 F.2d at 173. Finding that Section 1921 was intended "to reimburse the federal government for services rendered to private litigants by United States marshals," the court could see no reason "[t]o say that the Marshal is entitled to a commission when he disposes of the property under a writ of execution and is not so entitled when he acts under a court order * * *." 450 F.2d at 174.

Travelers argues, however, that the words "seizing and levying" should be given a strict construction. Travelers submits that the Tenth Circuit should not have relied on the Uniform Enforcement of Foreign Judgments Act, § 1(c) (1948), to define "levy," and commends the definition invoked by the Sixth Circuit in United States v. O'Dell, 160 F.2d 304, 307 (6th Cir. 1947), a federal tax

lien case. Under the Uniform Act, " 'levy' means to take control of or to create a lien upon property under any judicial writ or process whereby satisfaction of a judgment may be enforced against such property." The *Hill* court concluded that this definition encompassed a judicial foreclosure sale. Nothing in *O'Dell* detracts from *Hill,* for the court in *O'Dell* merely decided that the collector of internal revenue did not effect a "levy" on a bank account by writing to a taxpayer that his taxes were unpaid and his monies were seized and levied upon. The Sixth Circuit correctly observed that the letter from the I.R.S. "describes a mere statement or notice of claim." The court held that the letter did not amount to a seizure, actual or constructive, of the taxpayer's bank account. 160 F.2d at 307 (citations omitted). In the instant case, on the other hand, it makes sense to hold that the Marshal assumed constructive possession of the property. As in *Hill,*

> "In the case at hand, the Marshal took control of the land under a court order to hold a foreclosure sale for the satisfaction of a judgment. The fact that he did not go on the land and take actual possession is not pertinent. Under the court order he in effect levied on the land." 450 F.2d at 174.

█ Next, Travelers suggests that Section 1921 does not apply to the computation of the Marshal's fee because the Marshal did not pay over or receive any money as a result of the sale. The judgment creditor merely bid in his judgment. A similar argument was rejected in The Cesare Augusto, 39 F. Supp. 751 (N.D.Cal.1941). Title 28 U. S.C. § 574 (now part of § 1921) provided a schedule of fees payable to the marshal "for receiving and paying over the money" for property under process in admiralty. Libelant, the successful bidder at a maritime foreclosure sale, was permitted to deliver to the Marshal its receipt for the amount bid in lieu of money. The district court held that the

"receiving and paying over money" provision of the statute was met by viewing the receipt as money constructively paid to the marshal. I agree.

The objection to the Marshal's fee as a part of the costs in this litigation is overruled.