The **FEDERAL LAND BANK OF ST. PAUL**, a Body Corporate, Plaintiff-Appellant,

v.

Terry **HASSLER**, Grace Hassler, Carleton Palmer, Georgene Palmer, John Rodgers, Patsy Rodgers, and the United States of America, Defendants-Appellees.

No. 77–1087.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1979.

Decided April 3, 1979.

William E. Peters, Learman, Peters & Sarow, John J. McQuillan, Bay City, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Samuel J. Behringer, Jr., Asst. U. S. Atty., Detroit, Mich., for defendants-appellees.

Before WEICK, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

This case is before the court on appeal from an order of the district court approving a United States marshal's commission calculated pursuant to the formula of 28 U.S.C. § 1921 (1976). We reverse.

Appellant Federal Land Bank of St. Paul ("Bank") initiated the instant suit in Michigan state court to foreclose a mortgage lien upon property owned jointly by defendants Terry and Grace Hassler. Joined in the action were all junior mortgagees, including the United States of America by virtue of a Farmers Home Administration mortgage. On the authority of 28 U.S.C. § 1444 (1976), the United States removed the suit to the United States District Court, which entered judgment in favor of the Bank and ordered a sale of the property by the United States marshal.

The court's judgment of foreclosure provided that "in the event the United States is the purchaser at the sale, no deposit shall be required to support the bid of the United States. The sale price in the event the United States is the successful bidder shall be paid to the Clerk by the United States . . . ." The United States proved to be the successful bidder at the foreclosure sale and, pursuant to the court's order, the purchase price was deposited directly with the clerk, without any participation by the marshal in the transfer of funds.

■ A Section 1921 commission is conditioned upon the performance of three acts: (1) seizure or levy, (2) disposition of the property by sale, setoff, or otherwise, and (3) receipt and payment of money.[1] "Because the clauses are phrased in the conjunctive, all three acts are necessary to entitle the Marshal to a commission." *Hill v. Whitlock Oil Services, Inc.*, 450 F.2d 170, 173 (10th Cir. 1971). We agree with appellant that requirements (1) and (3) have not been satisfied.

■ The issue whether a sale of property under a judgment of foreclosure constitutes a seizure or levy for purposes of 28 U.S.C. § 1921 has engendered a split of authority in the circuits. *Compare Hill, supra* (Section 1921 applies to judicial as well as execution sales) *with Travelers Insurance Co. v. Lawrence*, 509 F.2d 83 (9th Cir. 1974) (Section 1921 held inapplicable to a judicial sale).[2] We align ourselves with the logic and reasoning of the Ninth Circuit in *Travelers Insurance* and hold that a judicial sale "in accordance with the practice and procedure of [Michigan]", Rule 69(a), Fed.R.Civ. Pro., does not constitute a seizure or levy for purposes of Section 1921. In this regard, we find the general discussion of judicial sales in *Travelers Insurance* to reflect Michigan law. *See* 509 F.2d at 89. Unlike a sale by execution, a sale under court order pursuant to a judgment of foreclosure involves property already subject to the jurisdiction of the court and does not depend upon a seizure or levy for its accomplishment. M.C.L.A. § 600.6091 (practice commentary); 14 Mich.Law & Prac. *Judicial Sales* § 1 (1957).[3]

■ Furthermore, the undisputed facts of the instant case demonstrate that the marshal's functions did not include "receiving and paying over money," an additional requirement for a Section 1921 commission.[4]

■ Having found the formula commission to be inapplicable, we further conclude that the district court on remand is without authority to tax a "reasonable" commission.[5] Section 1921 provides, by its terms,

1. 28 U.S.C. § 1921 provides in part:

   Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:

   . . . . .

   For seizing or levying on property (including seizures in admiralty), disposing of the same by sale, setoff, or otherwise and receiving and paying over money, commissions of 3 per centum on the first $1,000 of the amounts collected and 1½ per centum on the excess of any sum over $1,000. If not disposed of by marshal's sale, the commission shall be in such amount as may be allowed by the court. In all cases in which the vessel or other property is sold by a public auctioneer, or by some party other than the marshal or his deputy, the commission herein authorized to be paid to the marshal shall be reduced by the amount paid to said auctioneer or other party . . . . .

2. These cases recite the legislative history of Section 1921, most notably the 1962 amendment thereto.

3. We limit our discussion to judicial sales conducted under Michigan procedures and express no opinion as to other states, whose laws may require more expansive activities for the marshal in conducting a judicial sale and thus might contemplate a "seizing or levying on property" within the meaning of Section 1921.

4. In a factual setting distinct from the instant one, some courts have allowed a formula commission even where no money changes hands. These cases involve sales in which the judgment creditor bids in his judgment or the mortgagee bids in his mortgage. *Travelers Ins. Co. v. Lawrence*, 355 F.Supp. 98, 100–01 (D.Or. 1973), *rev'd on other grounds*, 509 F.2d 83 (9th Cir. 1974); *The Cesare Augusto*, 39 F.Supp. 751 (N.D.Cal.1941). As Judge Sneed noted in his dissent in *Travelers Insurance*, to defeat a marshal's commission in this circumstance merely because he did not "receive and pay over money" would be to elevate form over substance, since it is a convenience to the mortgagee not to require him to pay the purchase price, only to have the same funds returned to him in satisfaction of the lien. *Travelers Ins., supra*, 509 F.2d at 95 n.10 (Sneed, J., dissenting). The instant case does not involve a problem of potential circuity. Rather, the order of the district court providing for payment to the clerk relieved the marshal of the responsibility which he would otherwise have in a Section 1921 sale to account to the mortgagee for the proceeds.

5. It follows perforce that the district court may not assess a marshal's fees with reference to comparable charges made by Michigan state sheriffs in connection with foreclosure sales. In enacting the 1962 amendment to Section

the "only" means of assessing marshal's fees, and satisfaction of its conditions is necessary for the award of a commission.

Reversed and remanded for an assessment of marshal's fees consistent with this opinion.

1921 Congress intended to establish a uniform system of compensation, divorcing it from rates charged for similar services by state officers. *Hill, supra,* 450 F.2d at 173; *see Travelers Ins., supra,* 509 F.2d at 87, 90.