**Renato LAVINO et al., Plaintiffs,**

v.

**Glen T. JAMISON, etc., et al., Defendants.**

**No. 31558.**

United States District Court
N. D. California, S. D.

July 8, 1958.

Arthur N. Ziegler and Allan L. Sapiro, San Francisco, Cal., for plaintiff.

Robert H. Schnacke, U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

This is the second trial of this case, the judgment after the first trial having been reversed and a new trial ordered by the Court of Appeals for the Ninth Circuit. 230 F.2d 909. The factual background is set forth in that opinion. At the second trial evidence was presented by both parties, including the deposition of Albert Ellison, and was heard by the Court. The matter has been briefed, argued and submitted.

■ The question is whether defendant has wrongfully taken property of the plaintiffs. Defendant admits that he had no right to take any property of plaintiffs when he levied on and seized the property of the S. J. R. Corporation, a California corporation, to satisfy the unpaid taxes of Sidney E. and Joan T. Wolfe. The factual question is whether any of the liquor inventory seized by defendant was the property of plaintiffs. Plaintiffs rely on a judgment in claim and delivery from the Superior Court of the State of California based on an inventory of liquor taken some time in March, 1951. The inventory seized by defendant was taken in July, 1951. When plaintiffs sold the business to the S. J. R. Corporation, they retained the inventory of liquor in a locked storeroom on the premises but the same storeroom was used by employees of S. J. R. Corporation. The evidence clearly establishes that S. J. R. liquor was stored in the storeroom and that S. J. R. used plaintiffs' liquor from time to time. A comparison of the two inventories shows that many items on plaintiffs' inventory were not on the premises when defendant seized the liquor on the premises and took an inventory. In addition, where the items are the same, the quantities are different. This establishes that S. J. R. used plaintiffs' inventory at will and treated it as S. J. R.'s property. At the time defendant took possession of the liquor, S. J. R. had so used plaintiffs' liquor that it was impossible to trace or identify plaintiffs' liquor. The conduct of S. J. R. leads to the inference that none of plaintiffs' liquor inventory was left on the premises at the time defendant made his seizure. This was made possible by plaintiffs, not defendant. The Court therefore concludes as a matter of fact that the defendant did not seize any of plaintiffs' liquor.

■ Plaintiffs argue that their judgment is conclusive and that the return of the Sheriff is prima facie evidence of the fact that defendant was holding plaintiffs' property. This argument is not compelling because the judgment declares plaintiffs' ownership of specific, identifiable property as against S. J. R. Since the property seized by defendant is not the property owned by plaintiffs as declared by the judgment, the judgment is no bar to defendant's seizure. The inference created by the Sheriff's return has been overcome by the comparison of the inventories and other evidence.

■ Plaintiffs also complain that the seizure proceedings were defective and therefore defendant did not get title to the liquor seized. If true, this is of no help to plaintiffs because plaintiffs are in no position to challenge defendant's title unless they can show that by his seizure defendant took some of plaintiffs' property.

The Court therefore finds the facts as set forth in the stipulation between the parties (plaintiffs' Exhibit 1) and, in addition, as set forth in defendant's request for Findings of Fact on pages 2, 3 and 4 of defendant's brief filed on April 18, 1958.

Judgment is awarded to defendant with costs. Counsel for defendant is directed to prepare and present Findings, Conclusions and a Judgment in accordance herewith.