Francis E. Rivers, J.
The only opposition to this motion for an order pursuant to section 794 of the Civil Practice Act, aside from the third party, is made by the United States Government.
It is conceded that a notice of tax lien was not filed by the Government pursuant to section 6323 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26, § 6323), which section is substantially the same as section 3672 of the Internal Revenue Code *1045 of 1939 (U. S. Code, tit. 26, § 3672). However, the Government’s claim to priority over the claim of the judgment creditor is based on notice of demand for payment served upon the delinquent tax debtor and a notice of levy served upon the third party. No warrant of distraint was served.
Where an actual levy is made by the Government upon the property of the tax debtor, it has been held to be paramount to the claim of a judgment creditor (Sports-Craft v. Lasker, 177 Misc. 872). In that case, under the Internal Revenue Code of 1939, the Collector of Internal Revenue served a notice of levy and a warrant of distraint, which was held to be an actual levy.
It is acknowledged by the Government in its supplemental brief “ that under the 1939 Internal Revenue Code a warrant of distraint was, in most cases, a necessary pre-requisite to an effective levy ”, but that by section 6331 of the code of 1954, no warrant of distraint is now necessary; that the only prerequisite to an effective levy and constructive seizure of the property is a prior notice and demand to the delinquent taxpayer and service of a notice of levy on the third party.
Section 3690 of the 1939 code provided for the collection of taxes by distraint and sale, and section 3692 thereof provided for a levy in case of neglect or refusal under section 3690. Section 6331 of the present code of 1954 provides for the collection of taxes by levy, and further provides that a levy includes the power of distraint and seizure by any means. Likewise, under section 3710 of the former code any person in possession of property subject to distraint, upon which a levy had been made, had to surrender same on demand. Section 6332 of the present code provides for the surrender on demand of any property subject to levy upon which a levy has been made.
However, regardless of the procedure now deemed sufficient to constitute an effective levy against property of delinquent taxpayers, I cannot consider the enactment of either section 6331 or 6332 to constitute a repeal by implication of the original section 3672, as re-enacted by section 6323, which holds invalid the Government’s lien for taxes as against a judgment creditor until notice thereof has been filed. Nor can such enactment be held to override the case of Sport-Craft v. Lasker (177 Misc. 872, supra), wherein a warrant of distraint was actually served by the Government. As a matter of fact both the House and Senate reports in a detailed discussion of the technical provisions of the bill, stated that section 6331 ‘ ‘ continues in effect the provisions of existing law relating to distraint and levy (see secs. 3690 and 3692 of the present Internal Revenue Code) ”. (1954 U. S. Code Cong. & Adm. News, pp. 4555, 5225, respectively.)
*1046 If the Congress had intended to change in any way the existing .law as it pertained to the steps necessarily to he taken hy the Government in order for it to secure priority of its lien over judgment creditors, whether it be under section 6323 by filing of notice thereof, or by an actual levy under section 6331 as construed by case law, it would have specifically so provided.
The motion is accordingly granted and the third party Hoffman & Katz is directed to pay to the judgment creditor the sum of $632.85.
Settle order on notice to all parties.