**UNITED STATES of America,**
**Plaintiff,**

v.

**MANUFACTURERS NATIONAL BANK,**
**Defendant.**

**Civ. No. 8135.**

United States District Court
N. D. New York.

Oct. 6, 1961.

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y., Louis F. Oberdorfer, Asst.

Atty. Gen., Tax Division, Richard M. Roberts, Robert L. Handros, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Murphy, Aldrich, Guy, Broderick & Simon, Troy, N. Y., J. Paul Troue, Troy, N. Y., of counsel, for defendant.

JAMES T. FOLEY, District Judge.

■ The question here is one of narrow scope and limited range, but retains the normal complexity of problems arising under the Internal Revenue laws. The government moves formally by motion in writing with attached exhibits for summary judgment. The defendant banking institution, without independent or cross motion, requests summary relief in its favor dismissing the complaint. Such informal request is permissible if the right to such relief is clear. United States v. Franklin Federal Savings & Loan Ass'n, D.C., 140 F.Supp. 286, 288; Farmers Insurance Exchange v. Allstate Insurance Co., D.C., 143 F.Supp. 213, 215; 6 Moore's Federal Practice 2nd Ed., Section 56.12. The briefing in behalf of the parties indicates agreement that the factual background is simple and undisputed, providing the necessary basis for decision as a matter of law.

On November 23, 1959, the District Director of Internal Revenue made an assessment of excise tax against a certain taxpayer for $4,101.90, and on that same date demanded payment from the taxpayer of such amount. The following day, November 24, 1959, a notice of lien for such assessment was filed in the Office of the Rensselaer County Clerk. The same day the District Director served a notice of levy on the defendant for collection of the tax liability. The defendant, in the regular course of its business, then held a bank account of the taxpayer in the amount of $2,000. A small payment of $143.86 was paid thereafter by the taxpayer and there is a balance now due and outstanding on the original assessment of $3,958.04. Certified and photostatic copies of the official forms used and filed in the outlined procedures by the District Director are the exhibits A, B, C and D attached to the Government motion. The defendant does not challenge their authenticity or the claimed service and filing to any extent.

The defendant refused to surrender the funds in the bank account to the District Director, and the suit herein was instituted under the provisions of Section 6332(b) of the Internal Revenue Code of 1954 (26 U.S.C.A. § 6332(b)) for such failure and refusal. It is now clearly ascertainable from the briefs submitted on this motion as previously indicated from the Answer, that it is the earnest position of the defendant that an effective levy was not made upon the bank account. The sole and isolated reason is that a warrant for distraint did not accompany the service of the notice of levy upon the defendant Bank. The Bank seriously urges that judicial construction of Section 3692 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3692, empowering the Collector to levy necessitated the service of a warrant for distraint on a person in possession of property of a delinquent taxpayer, together with the notice of levy. It contends no change for such judicial requirement was made or intended to be made by the provisions of Section 6331 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6331. It is the position of the government that the complete change of wording in Section 6331(a) of the 1954 Code, by its plain terms, eliminated any reference to the warrant of authorization previously contained in Section 3692 of the 1939 Code. Such previous reference to warrant caused the several judicial rulings that notice of levy by a deputy collector must be accompanied by warrants for distraint. Further, it is maintained that the broad authority granted by the new 1954 statute to the Secretary of the Treasury or his delegate to collect delinquent taxes by levy upon all property and rights to property of the taxpayer is now unhampered by particular requirement for any type warrant. The government also emphasizes the breadth of the grant to promulgate procedures for effective levy by the new provision in Section 6331

(b): "The term 'levy' as used in this title includes the power of distraint and seizure *by any means*." Pursuant thereto, the Treasury Regulations under the Internal Revenue Code of 1954, Section 301.6331–1(a) (1) delegate the power to levy to the District Directors of Internal Revenue providing simply that levy may be made by serving a notice of levy as done herein. In my judgment, these contentions of the government are sensible and supported by a fair appraisal of the new statute and the intent evidenced by the language therein.

It is true that the clarity of purpose, from my viewpoint, as expressed by the new combined levy and distraint provisions in Section 6331, is somewhat clouded by legislative expression in the House and Senate Reports that the new section continues in effect the provisions of existing law relating to distraint and levy with particular reference to Sections 3690 and 3692 of the 1939 Code. (Vol. 3, U.S.Code Cong. & Ad. News, 83rd Congress, 2nd Session (1954) pgs. 4555, 5225). However, there is the hopeful statement in the general statement of the House Committee and the acceptance by the Senate Committee, now relied on by the government here, that the law is clarified with respect to the right of distraint and levy (seizure) for the collection of the tax liability. (Vol. 3, U. S. Code, Cong. & Ad. News, 83rd Congress, 2nd Session (1954) pgs. 4133, 4776).

As the government concedes, the existing law under the 1939 Code is not conclusively settled on the question covering the service of a warrant for distraint with the notice of levy upon the person in possession of property of or owing debt to a delinquent taxpayer. The cases that became noted in the conflict are: United States v. O'Dell, 6 Cir., 1947, 160 F.2d 304; Givan v. Cripe, 7 Cir., 1951, 187 F.2d 225; contra United States v. Eiland, 4 Cir., 1955, 223 F.2d 118, 121. The Court of Appeals, Third Circuit, has flatly stated that the sections (3690–97 of 1939 Code) require that a levy by a deputy collector be accompanied by a warrant for distraint. In re Brokol Manufacturing Co., 3 Cir., 1955, 221 F.2d 640, 642; see also id. sub nom. Freeman v. Mayer, D.C.N.J.1957, 152 F.Supp. 383, affirmed 3 Cir., 253 F.2d 295; In re Holdsworth, D.C.N.J.1953, 113 F.Supp. 878, 880. The Court of Appeals, Ninth Circuit, noted the dispute but saw no need to decide the necessity for the accompaniment at the time of service of a warrant for distraint with the notice of levy. Seattle Association of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906, 909. The Court of Appeals, Second Circuit, has not passed upon the issue directly but apparently by several of its writings considered the presence of the warrant of distraint of some significance in the determination of effective levy by the Collector in directly taking possession of personal property of the taxpayer. United States v. Sands, 2 Cir., 1949, 174 F.2d 384; Brust v. Sturr, 2 Cir., 1956, 237 F. 2d 135, 136. These Second Circuit cases, as I read them, do not go so far as to make indispensable the issuance and service of a warrant of distraint for effective levy.

In all the above cases except the Seattle case in the Ninth Circuit where the Court refrained from decision on the precise issue here, it must be emphasized the judicial constructions were made under the separate sections of the Internal Revenue Code of 1939 as to distraint and levy. (Sections 3690, 3692). Each case had different factual situations often with intervening rights of third parties at stake, thus creating other complications of statutory construction not involved here. (Section 3672, I.R.C.1939, 26 U.S.C.A. § 3672, reenacted as 6323, I.R.C.1954, 26 U.S.C.A. § 6323). As the O'Dell case, supra, 106 F.2d at page 307, demonstrates from history of Section 3692 (1866)—and this case involved levy upon a bank account—the method apparently devised and followed by the Collector was to issue warrants for distraint and serve them with the notice of levy and notice of lien. It seems that this procedure of the Collector over the years became routine and established a custom and practice. The result was a

judicial graft upon Section 3692 necessitating the issuance and service of the warrant for effective levy. Now enlightened by the holding of the late Chief Judge Parker in the Eiland case after what seems to me many years of acquiescence, the government contends in this case there had been no necessity under the 1939 Code for effective levy to serve a warrant of distraint. The government is frank to admit that the concession for the necessity of the warrant was made as late as 1959 in its behalf in the City Court of New York in a case upon which the defendant here places great reliance, LaSalle Music Corp. v. May T. Magarian Rest., Inc., 1959, 18 Misc.2d 1044, 183 N.Y.S.2d 599. Such concession, contrary to the position here, was that such service of the warrant for distraint was in most cases a necessary prerequisite under the 1939 Code. In the briefing now much stress is placed upon the point as to whether or not the Judge in that case received the advantage that I have of completeness with additional authorities now submitted in behalf of the government. That fact, if such it be, gives little concern because the opinion is a studied and reasoned one evidencing full judicial research of a technical problem of statutory construction regardless of briefing. The case is well in point on the problem presented and worthy of consideration, although there is the difference again of priority of claim of the government over that of a judgment creditor with failure to file a notice of tax lien pursuant to Section 6323 of the Internal Revenue Code of 1954. The conclusion was reached therein that an actual levy to attain priority requires service of a notice of levy and warrant for distraint, and that the new Section 6331 shows no intent in terms or legislative history to dispense with the service of the warrant for distraint as previously construed by case law. See Sport-Craft, Inc. v. Lasker, 177 Misc. 872, 32 N.Y.S.2d 360; United States v. Sands, 2 Cir. supra. However, even if this authority were persuasive in such conclusion for me, and I have the highest regard for the Courts of New York, it is not controlling authority because liens for federal taxes and provision for their collection are strictly federal and strictly statutory. Bank of Nevada v. United States, 9 Cir., 251 F.2d 820, 823–824; certiorari denied 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813; United States v. Sands, supra, 174 F.2d at page 386. My purpose is to confine this decision strictly to the measure of the facts here as they should be interpreted under the pertinent provisions of the Internal Revenue Code with assistance from past and present judicial writings that are material.

As I read the 1954 combined Section 6331, Internal Revenue Code, entitled "Levy and distraint", there is no word contained therein, in my opinion, by any shade of meaning that can sensibly give rise to recognition of necessity in any form of a warrant by the Secretary or his delegate to levy. The comparison with Section 3692 of the Internal Revenue Code of 1939 indicates exact deletion and elimination, comparable to amputation, of the reference to warrant authorization. The rephrasing itself in the new Section that grants the power to the Secretary or his delegate "to collect such tax * * * by levy" again signifies to me clear intent to veer away from the previous reference to warrant of authorization. Most important is the plain terminology in Section 6331(b) that the means employed for levy as therein defined are not prescribed to any extent. In this respect it is interesting to note that in the O'Dell case, supra, 106 F.2d at pages 307–308, it was also recognized that Section 3692 of the 1939 Code did not prescribe any procedure for accomplishing a levy upon a bank account. In my judgment, the new terminology in Section 6331(b) placed the responsibility for the means or method of levy where it should be,—in the hands of the officer with chief administrative responsibility, the Secretary of the Treasury. I find nothing unfair or oppressive in the Regulations adopted delegating the power to levy to District Directors and providing the means of levy by serving a notice of

levy. Treasury Regulations, I.R.C.1954, Section 301.6331–1(a) (1); Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831. Surely such provisions are well within the statutory terms to levy by any means.

In the processes used here for notification and seizure the Director did not stint or cut any corners. The issuance and service of the authorization for distraint, the government points out, has not been used by the Service since the 1954 Code was enacted. The assessments of unpaid tax were duly made, the statement of excise tax due given to taxpayer, notice of federal tax lien filed in the Rensselaer County Clerk's Office and then the detailed notice of levy was served on the Bank, itemizing and setting forth the amounts claimed due to the government by the taxpayer. It is not my province nor would it be proper for me to indulge in the controversy between the circuits as to the requirement for the issuance and service of the warrant of distraint under the 1939 Code, particularly so because that problem is not before me. However, it is helpful to read Judge Parker's reasoned analysis and practical wisdom in the Eiland case (223 F.2d at page 121) on the conception and definition of distraint as a form of summary, extra-judicial seizure. See Brinker Supply Co. v. Dougherty, D.C.W.D.Pa., 134 F. Supp. 384, 386, footnote 4; United States v. Aetna Life Insurance Co., D.C.Conn., 46 F.Supp. 30, 35. The coincidence should be remarked that form 668–A used in the Eiland case as a notice of levy which Judge Parker ruled had the effect of a warrant of distraint, if one were necessary, is substantially similar to the one served upon the defendant here, although revised January, 1955. Adequate notice to the debtor that a levy is being made upon that which he owes, or the service of appropriate process upon the debtor purporting to appropriate the debt

to the satisfaction of the tax lien is at least required. Freeman v. Mayer, 3 Cir., 253 F.2d 295, 298; Lavino v. Jamison, D.C., 165 F.Supp. 293, 294. I am confident that such result was effected here by methods that satisfy the requirements of fair and due process.

The legislative history gives me little concern. In my judgment, the statute seems too plain to go beyond. Ex Parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed. 1207. The statement that the section (6331) continues in effect the provisions of existing law relating to distraint and levy is meager legislative history to contradict simple English language. Northern Securities Co. v. United States, Holmes dissenting, 193 U.S. 197, 400, 24 S.Ct. 436, 48 L.Ed. 679. If such statements raised doubt, and they do not for me, my comfort in interpretation remains in reading the Statute. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 444, 75 S.Ct. 489, 99 L.Ed. 510; C. I. R. v. Bilder, 3 Cir., 289 F.2d 291, 297 et seq. Reliance on legislative history is always a difficult question and we do not have a long, well-settled construction plus its enactment without change of the established interpretation. See Francis v. Southern Pacific Company, 333 U.S. 445, 450, 68 S.Ct. 611, 92 L.Ed. 798. My conclusion is effective levy was made by the service of the notice of levy herein in accord with law.

The motion of the plaintiff for summary judgment is granted as a matter of law. The request of the defendant for such relief is denied. The Clerk shall enter such judgment in favor of the plaintiff against the defendant in the sum of $2,000 together with costs and interest on such sum at the rate of 6% per annum from November 24, 1959; such demand for relief being in accord with 26 U.S. C.A. § 6332(b). See Matteson v. United States, 2 Cir., 240 F.2d 517.

It is so ordered.