**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**ED LUSK CONSTRUCTION COMPANY,
INC., et al., Defendants-
Appellees.**

**No. 74–1125.**

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 12, 1974.

Decided Oct. 23, 1974.

Gary R. Allen, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Ernest J. Brown, Jonathan S. Cohen, and Daniel F. Ross, Attys., Tax Div., Dept. of Justice, Washington, D. C., and Richard A. Pyle, U. S. Atty., and Edwin L. Gage, Asst. U. S. Atty., Muskogee, Okl., with him on the brief) for plaintiff-appellant.

Joe H. Kennedy, Muskogee, Okl. (Kennedy, Kennedy & Wright, Musko-

gee, Okl., with him on the brief), for defendants-appellees.

Before LEWIS, Chief Judge, SETH, Circuit Judge, and CHRISTENSEN,* Senior District Judge.

PER CURIAM.

This is an appeal from a judgment of the district court which held that an unperfected security interest had priority over a subsequent valid federal tax lien on the theory of constructive notice on the part of the Government.

The taxpayer, a corporation which kept its business records in Washington County, Arkansas, entered into a contract with the City of Muskogee, Oklahoma, for the performance of certain construction work. The taxpayer assigned its right to be paid under this contract to the predecessor of the Commercial Bank and Trust Company (appellee) as collateral for loans. The Bank attempted to perfect its security interest by filing a financing statement locally in Washington County, Arkansas, but did not file centrally in Little Rock, Arkansas. The Secretary of the Treasury then made demand for taxes, penalties and interest against the taxpayer Lusk, and filed notice of federal tax liens in Washington County, Arkansas. The question of priority between the Bank's security interest and the federal tax liens arose and the Government sued to foreclose its lien as against the defendants-appellees.

Upon stipulated facts the district court found the assignments held by the Bank constituted a security interest, and that to protect this interest against other later lien claimants without notice the Bank was required to file a financing statement in accordance with the provisions of the Uniform Commercial Code as adopted by Oklahoma and Arkansas. The Oklahoma Uniform Commercial Code requires financing statements to be filed in the state where the assignor keeps its records concerning the contract right which is the subject of the security interest.[1] In this case the taxpayer's records were kept in Washington County, Arkansas. Arkansas law requires financing statements to be filed in the county in which the debtor has its place of business and additionally in the office of the Secretary of State.[2] The Bank filed only locally in Washington County. The Government, under 26 U.S.C. § 6323, was required to file notice of its tax liens locally in Washington County.[3]

Arkansas' statute provides that when a subsequent lien claimant has knowledge of a prior lien, priority of the earlier lien is not defeated because it was imperfectly filed or was filed in less than all of the places required by statute.[4] Though the Bank's interest was incompletely filed, the district court

---

* Of the District of Utah, sitting by designation.

1. 12A Okla.Stat.Ann., § 9–103(1) "If the office where the assignor of accounts or contract rights keeps his records concerning them is in this state, the validity and perfection of a security interest therein and the possibility and effect of proper filing is governed by this Article; otherwise by the law (including the conflict of laws rules) of the jurisdiction where such office is located."

2. Ark.Stat.1947 Ann. (1961 Addendum), § 85–9–401(1) "The proper place to file in order to perfect a security interest is as follows: . . . (c) in all other cases, in the office of the Secretary of State and in addition, if the debtor has a place of business in only one county of this state, also in the office of the clerk of the circuit court and ex-officio recorder of such county . . . ."

3. 26 U.S.C. § 6323(f)(1)(A)(ii), (2)(B). ". . . In the case of personal property . . . in one office within the State . . . as designated by the laws of such State, in which the property subject to the lien is situated; or . . . [P]roperty shall be deemed to be situated . . . [at] the place at which the principal executive office of the business is located . . . ."

4. Ark.Stat.1947 Ann. (1961 Addendum), § 85–9–401(2) "A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article [chapter] and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

held the Internal Revenue Service had constructive notice of the Bank's interest because it filed in the same location, subsequent to the Bank's filing. Thus it was the lower court's view that the Bank's claim was prior and superior to the Government's tax liens, giving the Bank first right to any funds in the hands of the City of Muskogee due on the Lusk contract.

■■ The lower court properly rejected the defendants' contentions that the interest which the Bank held was not a security interest, and, in any event, that mere possession constituted sufficient notice of its claim as to render the imperfect filing immaterial.

We come then to the controlling question whether failure of the Bank to centrally file in the State of Arkansas prior to the time the Government filed its notice of tax liens in Washington County was fatal to the Bank's priority.

■ The federal tax lien[5] came into existence at the time demand was made upon the taxpayer, and the filing of the tax lien notice in accordance with federal statute made it superior to claims under unprotected security interests.[6]

■■ The Bank did not perfect or "protect" its security interest under the Arkansas statute because it did not file centrally as well as locally. The Bank's interest under such circumstance would have been superior to the Government's

tax lien only if the Government had knowledge of that interest.[7] It is evident that for the purposes of the Code knowledge so far as pertinent here means actual knowledge or reason to have such actual knowledge, not constructive knowledge in any broader sense.[8] In this case there was no evidence tending to show that the Government had the requisite knowledge of the Bank's interest in the property, even though it filed its notice in the same location. If as a matter of law persons in the Government's position were charged with constructive knowledge or reason to have knowledge of a security interest filed in only one of two required places, that requirement would be idle, indeed.

■ The Government therefore had no notice or knowledge of the Bank's interest. Under the basic policy of "first in time, first in right" its perfected tax lien had priority over the Bank's security interest. *Cf.* United States v. Trigg, 465 F.2d 1264 (8th Cir. 1972), cert. denied sub nom., First State Bank of Crossett, Arkansas v. United States, 410 U.S. 909, 93 S.Ct. 963, 35 L.Ed.2d 270 (1973). Thus the Government has first claim to funds held by the City of Muskogee on the Lusk contract. Richardson v. United States, 358 F. Supp. 994 (E.D.Ark.1973).

Reversed and remanded for entry of judgment in harmony with this opinion.

---

5. 26 U.S.C. § 6321. " . . . If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

6. 26 U.S.C. § 6323(a). " . . . The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate." The term "security interest" is self-limiting in view of the definition of 26 U.S.C. § 6323(h)(1): " . . . A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent

judgment lien arising out of an unsecured obligation . . . ."

7. Ark.Stat.1947 Ann. (1961 Addendum), § 85–9–301(1). " . . . an unperfected security interest is subordinate to the rights of . . . (b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected . . ."

8. Ark.Stat.1947 Ann. (1961 Addendum), § 85–1–201(25). "A person has 'notice' of a fact when (a) he has actual knowledge of it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

"A person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it. 'Discover' or 'learn' or a word or phrase of similar import refers to knowledge rather than to reason to know."