**ALABAMA EXCHANGE BANK, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 74–3–E.**

United States District Court,
M. D. Alabama, E. D.

Sept. 4, 1975.

tions each party is still able to nominate its own candidate.

William M. Russell, Raymon, Russell, Nathanson & Segrest, Tuskegee, Ala., for plaintiff.

Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

VARNER, District Judge.

Government revenue agents, seeking to collect taxes owed by Douglas F. Hurst, levied on, seized and sold all available property of Mr. Hurst who was then doing business as the Shell Plaza Restaurant and the Shell Plaza Truck

Stop. Those agents then had knowledge of security instruments of the Plaintiff outstanding against the property and duly recorded before alleged filings of notices of the tax liens in question. Plaintiff seeks to recover for the allegedly wrongful seizure pursuant to 26 U. S.C. § 7426(a). Defendant insists that § 7426(a) does not provide a remedy and pleads governmental immunity.

The cause is submitted for final judgment on pleadings, stipulations and evidence submitted in open Court.

The issue in this case is whether or not the Plaintiff has an enforceable right against the Government under § 7426(a) by virtue of a prior recorded lien on personal property upon which the Government has levied and claims a tax lien. The taxpayer had no equity in the property in question as it sold for less than the Plaintiff's indebtedness. The Government conceded the Plaintiff's priority as to property other than that possibly acquired by the taxpayer subsequent to 45 days[1] after execution and recordation of the first tax lien.[2] Plaintiff's security instrument purported to be secured by "inventory, equipment and additions thereto", and the Defendant contends that Plaintiff has the burden of proving that "additions" to inventory and equipment were purchased before 45 days after filing (recording) of the Defendant's lien in order that Plaintiff's lien be accorded priority as to that property. Plaintiff asserts that, in view of invalidity of filing of notice of the Gov-

ernment's lien, no such question is presented by the facts herein.

The undisputed facts are that Douglas F. Hurst executed or assumed liability for promissory notes payable to the Plaintiff as follows: A note for $10,174.53 on December 10, 1971; a note for $15,316.31 in January, 1972; a note for $315.00 on June 30, 1972; and a note for $4,991.37 on August 14, 1972. The Defendant concedes that each of these promissory notes was duly executed and each was secured by security instruments, recorded before the alleged tax lien, on personal property, including equipment, inventory, and additions thereto, of the Shell Plaza Restaurant and Shell Plaza Truck Stop, a business owned by Douglas F. Hurst. The Government, while conceding the validity and priority of an open-end security instrument, contends that there was, at the time of perfection of the Government's lien, no security interest of Plaintiff in property acquired thereafter.

The Defendant filed a notice of federal tax lien in the amount of $10,636.44 for taxes assessed on October 23, 1974, with the Judge of Probate in Macon County on November 14, 1972, and filed a second notice of tax lien on April 18, 1973, in the amount of $26,902.70 for taxes assessed on December 4 and 18, 1972, and on March 5 and 26, 1973, with the Judge of Probate in Macon County. To satisfy Hurst's debt to the Defendant for these assessed taxes, on April 20,

---

1. The United States notes that 26 U.S.C. § 6323(c) provides that "even though * * *' Tax Lien has been filed, it shall not be valid against a security interest coming into existence after the filing of the tax lien, provided the security interest is in 'qualified property covered by the terms of a written agreement entered into before tax lien filing' and provided the agreement constitutes a 'commercial transaction financing agreement'." The United States argues that, since "qualified property" is restricted to "commercial financing security" (including inventory), in order to effect its prior lien, the Plaintiff, because of the 45-day rule of § 6323(c)(2)(C)(iv), must carry the burden of proving that its security interest attached

on or before the forty-fifth day after filing of notice of the federal tax lien. *Texas Oil & Gas Corp. v. United States*, 5 Cir., 466 F.2d 1040.

2. The official comment on Code of Alabama, Title 7A, § 9–204, states, in pertinent part, the following: "This article validates a security interest in the debtor's existing and future assets even though the debtor has liberty to use or dispose of collateral without being required to account for proceeds or substitute new collateral." The Uniform Commercial Code, therefore, recognizes the validity and the priority of a properly recorded "open-end" security instrument.

1973, a revenue officer of the Internal Revenue Service pursuant to 26 U.S.C. § 6331 levied upon and sold for $5,484.48 personal property of Hurst, to-wit, equipment, inventory or additions thereto used in the operation of the Shell Plaza Restaurant and Shell Plaza Truck Stop. The Plaintiff claims the $5,484.48 proceeds of the levy and sale by virtue of its prior recorded lien.[3] Plaintiff invokes jurisdiction of this Court for suit against the Defendant on the ground that the personal property in question was wrongfully levied upon pursuant to 26 U.S.C. § 7426(a) and pursuant to priority accorded its lien by State law. Section 7426(a) provides, in pertinent part, the following:

"(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate."

█ The government denies jurisdiction and asserts governmental immunity on the theory that the levy was not wrongful and that Congress has not consented to suits except for wrongful levy. The right of the Government, if any, to levy on the property in this case appears in 26 U.S.C. § 6331, which states in pertinent part:

"(a) Authority of Secretary or delegate.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax."

Thus, the Secretary or his delegate can levy on property or rights to property which belong to a defaulting taxpayer or on property of the taxpayer which is subject to a federal tax lien. The interests of a third person in that property are apparently immune from seizure to enforce the liability of the person owing the tax, *Stuart v. Willis*, 244 F.2d 925 (9th Cir. 1957); *Pargament v. Fitzgerald*, 272 F.Supp. 553 (D.C.N.Y.1967), affm'd, 391 F.2d 934 (4th Cir. 1968); *United States v. Lester*, 235 F.Supp. 115 (D.C.N.Y.1964); *Lavino v. Jamison*, 165 F.Supp. 293 (D.C.Cal.1958). The lien "provided in this Chapter for the payment of such tax" which would justify, if possible, the levy, is provided by 26 U.S.C. § 6321, in pertinent part:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. * * *."

However, 26 U.S.C. § 6323(a) recognizes and protects from the lien so provided certain third parties, including certain secured parties, in pertinent part, as follows:

"The lien imposed by section 6321 shall not be valid as against any * * * holder of a security interest

---

3. Code of Alabama, Title 7A, § 9–201, is, in pertinent part, as follows: "§ 9—201. *General validity of security agreement.*—Except as otherwise provided by this act a security agreement is effective according to its terms between the parties, against purchasers of the collateral and against creditors." Code of Alabama, Title 7A, § 9–301(1)(b) and (3), states as follows: "§ 9—301. *Persons*

*who take priority over unperfected security interests*; 'lien creditor'.—(1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of * * * (b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected; * * * ."

\* \* \* until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate."

The Plaintiff claims to be a "holder of a security interest" whose interest defeats validity of the Government's claimed lien unless notice of the Government's lien, "which meets the requirements of subsection (f), ha(d) been filed by the Secretary or his delegate."

■ 26 U.S.C. § 6323(f) states in pertinent part:

"(f)  Place for filing notice; form.—

"(1)  Place for filing.—The notice referred to in subsection (a) shall be filed—

"(A)  Under State laws.—

" \* \* \*

"(ii)  Personal property.—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or

"(B) With clerk of district court. In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); \* \* \*."

Accordingly, 26 U.S.C. § 6323(f) allows the State to designate the place of filing of federal tax liens within States or counties in which the property subject to the lien is situated so long as only one office is so designated. Otherwise, the proper place for filing federal tax liens will be the United States District Court for the judicial district wherein the property subject to the lien is situated.

■■ The Government asserts, and Plaintiff denies, that a proper State statute did properly designate a single office (for each county) as the proper place for filing notice of federal tax liens. That statute, Code of Alabama, Title 33, § 9, states as follows:

"§ 9.  *Notice of lien by United States for taxes.*—The United States, by or through any officer, agent, or representative, may file in the office of the judge of probate, or registrar or recorder of deeds *of any county in this state,* notice of a lien for any tax on the property of any person under the provisions of section thirty one hundred and eighty-six of the revised statutes of the United States as now or hereafter amended." (emphasis added)

Upon reading Code of Alabama, Title 33, § 9, it allows the filing of notice of federal tax liens in "the office of the judge of probate \* \* \* of *any* county in this state" regardless of which county the property subject to the lien is situated. While the Legislature of the State of Alabama may have intended otherwise, the wording of § 9 allows filing of a federal tax lien in any of the many probate offices within the State of Alabama.[4] It does not meet the "one office" requirement of § 6323(f)(1)(A)(ii). A federal tax lien would, therefore, properly be recorded in the office of the clerk of the United States District Court for the district in which the property is situated. See *Hoover, Inc. v. McCullough Industries, Inc.,* 351 F. Supp. 1023 (S.D.Ala.1972) ; *In Re Gordon White Const. Co.,* 34 A.F.T.R.2d 74–5738 (S.D.Ala.1974), app. pend. ; *In Re Gulf Const. & Steel, Inc.,* 33 A.F.T.R. 23, 74–454 (S.D.Ala.1973) ; *Spinks v. United States,* 33 A.F.T.R.2d 74–639 (S.D.Ala.1974). The parties to the suit stipulate that notice of the federal tax liens in this suit were filed with the Judge of Probate in Macon County and not with any United States District Court. Therefore, a properly filed notice of federal tax liens which meets the requirements of 26 U.S.C. § 6323(f) was not made in this case.

---

4.  This Court may not rewrite an unambiguous statute.

██ Since no notice of a federal tax lien was properly filed in this case, the levy was wrongful within the ambit of § 7426(a).[5] The Plaintiff's interest in taxpayer Hurst's personal property prevails over that of the Defendant pursuant to 26 U.S.C. § 6323(a) if the Plaintiff is the holder of a security interest, as defined by the Internal Revenue Code. In § 6323(h)(1) the "holder of a security interest" is defined as follows:

"(h) Definitions.—For purposes of this section and section 6324—

"(1) Security interest.—The term 'security interest' means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth."

The Plaintiff has demonstrated to the satisfaction of the Court (1) that personal property levied upon and sold by the Defendant in this case was in existence and the interest had become protected under local law against a subsequent judgment lien arising out of an unsecured obligation; (2) that the Plaintiff had extended loan monies to taxpayer Hurst (so that Hurst could purchase the personal property for his business); (3) that the same property was necessarily subject to a prior perfected security interest before the Government filed notice of its tax lien on the same personal property (since no such proper notice was in fact filed); and (4) that Hurst had no equity in the property since it sold for less than the amount of Hurst's indebtedness to Plaintiff.

██ This Court is also of the opinion that the Plaintiff's prior perfected security interest was and is protected under local law by Code of Alabama, Title 7, §§ 95, 123; Title 7A, §§ 9–201, 9–301(1)(b) and (3) [Uniform Commercial Code] against subsequent liens arising out of unsecured obligations. It follows that under § 6323(a) and (h)(1) the Plaintiff's perfected security interest has priority over the federal tax lien over all of the personal property subject to that security interest.

██ The cause of action contemplated by § 7426(a) is provided to others than the taxpayer for the purpose of affording to the owner or the superior lien holder of property seized for taxes a remedy against the Government, to the exclusion of the defense of governmental immunity. Absent such a remedy, the Plaintiff would be deprived of its property without due process of law and without access to the courts for redress of its grievance.

Consequently, final judgment is due to be granted in favor of the Plaintiff.

---

5. No valid tax lien having been filed with the proper United States District Court Clerk, the Government's levy on said property is unlawful on the grounds that the property is not subject to a valid federal tax lien. The Government was nothing more than an unsecured creditor of Hurst. By levying on property of Hurst that was subject to the Plaintiff's security interest, the Government levied on property and rights to property that belonged to the Plaintiff.